317 So.2d 145 (1975)
Willard Arthur MORTON, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1258.
District Court of Appeal of Florida, Second District.
July 23, 1975.
*146 James A. Gardner, Public Defender, Sarasota, Harold H. Moore, Asst. Public Defender, Bradenton, and Tania Ostapoff, Student Asst., Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Pursuant to a plea bargain whereby two other charges were nol-prossed, appellant entered a plea of guilty to a charge of breaking and entering with intent to commit grand larceny. Following a pre-sentence investigation, appellant appeared with the public defender for sentencing. At that time, he made statements which indicated that he understood he had been guaranteed probation. However, the court and his own attorney indicated there had been no such guarantee. Appellant was then permitted to confer with his attorney, at which point the two became in total disagreement. Thereupon, the court imposed a sentence of five years imprisonment.
On this appeal, appellant contends that he should have been allowed to withdraw his guilty plea. The state responds by pointing out that he had previously stated that his guilty plea had not been induced by any promise, and that the record otherwise adequately refutes his position. Be that as it may, at the time appellant originally entered his plea, the record reflects the following:
"THE COURT: * * *
"Do you understand with a negotiated plea we will order a P.S.I., a pre-sentence investigation, and you will be remanded to custody until the P.S.I. has been returned. And that with the negotiated plea I advise you that after the return of the P.S.I. if the sentence is different then you have a right to withdraw the plea. Do you understand?
"MR. MORTON: Yes."
This colloquy lends some substance to the contention that an agreement had been reached on the sentence, subject to the court's right to impose a different sentence after having the benefit of a pre-sentence investigation. While it is true that at the sentencing hearing neither appellant nor his attorney moved to withdraw his plea, we think he should have been offered an opportunity to do so in view of the obvious confusion which existed at that time. Cf. Enos v. State, Fla.App. 4th, 1973, 272 So.2d 847. The law inclines toward a trial on the merits, and where it appears in the interests of justice a defendant should be permitted to withdraw his guilty plea. Riddle v. State, Fla.App. 2d, 1968, 212 So.2d 122.
Accordingly, the judgment and sentence are hereby vacated, and the case is remanded so as to permit the appellant the opportunity to withdraw his plea. Should he choose to do so, the state would be permitted to prosecute on the other charges which were nol-prossed. Faced with these prospects, should the appellant have second thoughts and decide not to withdraw his plea, the trial court should reinstate the previous judgment and sentence.
BOARDMAN, Acting C.J., and SCHEB, J., concur.