339 So.2d 714 (1976)
James Howard REYNOLDS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-518.
District Court of Appeal of Florida, Second District.
December 1, 1976.
*715 Jack O. Johnson, Public Defender, Bartow, and A. Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
In this appeal appellant alleges that the trial court failed to afford him an opportunity to withdraw his plea after the judge elected to reject the terms of a plea bargain.
Pursuant to a negotiated plea appellant pled guilty to attempted robbery and aiding an escape. The judge stated that appellant was to be sentenced to no more than three years on each charge to run concurrently. When informing appellant of his right to a presentence investigation the court told appellant that if the results of the investigation were favorable the sentence imposed would be from three years imprisonment to probation.
Following the presentence investigation appellant was sentenced to three years for the escape charge and was placed on probation for fifteen years for the attempted robbery.[1] The term of probation was to begin to run after completion of the sentence. Appellant moved to correct the sentence, and at the hearing on the motion argued that the imposition of probation was a violation of the plea bargain. He did not at that time seek to withdraw his plea. The court denied the motion. The trial judge and appellant disagreed as to whether fifteen years probation was less harsh than three years imprisonment.
In several recently decided cases we have held that when a trial judge rejects the terms of a plea bargain he has an affirmative duty to so advise the defendant and have him affirm his plea or withdraw it. E.g., Moore v. State, 339 So.2d 228 (Fla. 2d DCA 1976) (opinion filed October 6, 1976, Case No. 75-1716, not yet reported); Kiefer v. State, 295 So.2d 688 (Fla. 2d DCA 1974). See also Adams v. State, 328 So.2d 48 (Fla. 1st DCA 1976); Enos v. State, 272 So.2d 847 (Fla. 4th DCA 1973). Where there is confusion or legitimate disagreement as to the terms of the plea negotiation the trial court has the same affirmative duty to inquire as to whether the defendant desires to change his plea. Morton v. State, 317 So.2d 145 (Fla. 2d DCA 1975). In view of the disagreement in the case before us as to the terms of the plea bargain appellant should have been called upon to affirm or withdraw his guilty pleas.
Accordingly the judgments and sentences are vacated, and the case is remanded to *716 allow appellant the opportunity to withdraw his plea.
REVERSED and REMANDED.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] At the time of the offense the maximum sentence for attempted robbery was five years. §§ 813.011, 776.04(2), 775.082(4)(d), Fla. Stat. (1973). Accordingly the fifteen-year term of probation was improper. Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976). We assume that appellant will be correctly advised of the maximum sentence when he is called upon to replead. If appellant chooses not to withdraw his plea we trust that the sentence will be corrected on remand.