343 So.2d 964 (1977)
Diane Jean NORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. DD-34.
District Court of Appeal of Florida, First District.
March 24, 1977.
William B. Richbourg, Pensacola, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appealing from the trial court's order denying her Rule 3.850 motion to vacate the sentence, appellant urges she was not made aware of the mandatory three-year sentence consequent upon her plea of guilty to aggravated assault involving a firearm. We conceive that appellant's averment that she had the impression that probation was a possibility in her case sufficiently alleges, for purposes of Fla.R. Crim.P., that she was not apprised of the significance of her plea. Fla.R.Crim.P. 3.170(j); Brown v. State, 245 So.2d 41 (Fla. 1971); Garcia v. State, 228 So.2d 300 (Fla.3d DCA 1969). An evidentiary hearing is required to determine the truth of appellant's averment. If in fact she did not understand the significance of pleading guilty to an offense involving use of a firearm, she must be afforded the opportunity to withdraw *965 her plea of guilty. See Jenkins v. United States, 420 F.2d 433 (10th Cir.1970).
REVERSED.
MILLS, Acting C.J., and ERVIN, J., concur.