356 So.2d 885 (1978)
George KNOWLES, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1095.
District Court of Appeal of Florida, Third District.
March 21, 1978.
*886 Eugene P. Spellman, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and NATHAN and HUBBART, JJ.
PER CURIAM.
Appealing from an order of the trial court which was rendered after an evidentiary hearing, and which denied his Rule 3.850 motion to vacate his sentence, appellant urges that he was not aware of the mandatory three year sentence under Section 775.087, Florida Statutes (1975), when he pled nolo contendere to the charge of attempted murder in violation of Sections 777.04(1) and 782.04, Florida Statutes (1975).
On April 29, 1976, appellant, through negotiations with the public defender, who was his counsel, the state attorney and the court, withdrew his not guilty plea and entered a plea of nolo contendere. This plea was entered with the understanding that a pre-sentence investigation would be ordered and that in addition, the court would give appellant the opportunity to present factual matters regarding the case in mitigation only, and that depending on such facts and investigation, the court might sentence him "to anything up to ten years." Appellant contends that his attorney advised him that he possibly could get probation, and that since he did not understand the significance of his plea when entered, it is mandatory that this court vacate his plea of nolo contendere. Appellant relies on Norris v. State, 343 So.2d 964 (Fla. 1st DCA 1977), as authority for his position.
The record of the evidentiary hearing reflects that appellant's trial attorney, after speaking with the court and the state attorney, and prior to the nolo contendere plea, told appellant,
"That a pre-sentence investigation would be ordered and that further, we would be given an opportunity at the time of sentencing to present witnesses in our behalf as to the factual allegations concerning the charge.
That if certain representations, which were made to me by Mr. Knowles, were shown by the testimony of these witnesses, that although a ten year cap was placed on the no contest plea, the Court would consider sentencing Mr. Knowles to something less. Even possibly probation. However, if that testimony was not forthcoming, then he was just about assured that he would be sentenced to ten years.
Q Did you, at any time, indicate to him, or did he indicate to you, that he felt that that testimony would not be forthcoming?
A No. He assured me that the testimony would be forthcoming.
* * * * * *

*887 A If the testimony were what he said it would be, that that representation having been made to the Court, the Court indicated the possibility of probation."
In Norris v. State, supra, appellant's averment that she had the impression that probation was a possibility in her case, sufficiently alleged for the purpose of Florida Rule of Criminal Procedure 3.170(j), that she was not apprised of the significance of her plea, to show that the plea was not voluntarily entered. As a result, an evidentiary hearing was required. As stated on page 964,
"... If in fact she did not understand the significance of pleading guilty to an offense involving use of a firearm, she must be afforded the opportunity to withdraw her plea of guilty."
Unlike Norris, an evidentiary hearing was had in the instant case, wherein the trial judge stated,
"... the Court will observe that even where the Norris case is a correct statement of the law, it would have no applicability in this situation because... the only possibility upon which Mr. Knowles would not receive up to ten years in the State Prison, and, in fact, ten years in the State Prison, would be if the testimony would be forthcoming and in accordance with his version of the incident in question.
In fact, that was not the case. In fact, the evidence was directly to the contrary. The Court did not impose the eight-year sentence because of the requirements of the statute, but because the conditions upon which I would not impose a ten-year sentence had not, in fact, been met in the sentencing proceeding which occurred subsequent to April 29th.
As a matter of fact, the only reason that the Court did not impose the ten-year sentence was that Mr. Knowles was very contrite at the sentencing. In fact, he was apparently eager to begin his prison sentence and was looking forward to a return to Raiford, as I understand it, where he had been twice before on similar charges.
Otherwise, the Court would have imposed the ten-year sentence because the condition of that not being imposed was not met.
So, the three-year minimum mandatory or the possibility of probation, assuming that such existed, neither one of those entered into the sentencing which was, in fact, imposed upon Mr. Knowles."
There is no requirement under Florida law that the defendant be advised of any mandatory minimum sentence. Gonzalez v. State, 300 So.2d 691 (Fla. 2d DCA 1974). The test in this case is whether the plea had been voluntarily entered with a full understanding of its consequences. From the facts and circumstances of this case, we so find.
Affirmed.