359 So.2d 564 (1978)
STATE of Florida, Petitioner,
v.
Hon. James M. REASBECK, Judge of the Circuit Court, Seventeenth Judicial Circuit and/or Any Other Judges Sitting in the Case of State of Florida
v.
Sam Jackson, Circuit Court Case No. 77-3579 Cf, Respondent.
No. 78-749.
District Court of Appeal of Florida, Fourth District.
June 7, 1978.
Michael J. Satz, State's Atty., and Patti Englander, Asst. State's Atty., Fort Lauderdale, for petitioner.
James M. Reasbeck, in pro. per.
DAUKSCH, Judge.
The State petitions this court for a Writ of Prohibition which we grant. At issue is Fla.R.Crim.P. 3.170(g)[1] and Fla.R.Crim.P. 3.172(f)[2] as they are applied to the facts as set out below.
Sam Jackson was indicted for murder in the first degree and the respondent was assigned to be his trial judge. Before trial, plea negotiations were begun between the prosecution and defense counsel. They agreed the defendant could plead to murder in the second degree depending upon the sentence. The respondent then indicated that if the defendant pleaded guilty, a presentence investigation would be ordered and the sentence would depend upon the result of that investigation but the defendant would be given no more than fifteen years in prison.
The defendant evidently also agreed to plead to murder two but before he entered his plea he wanted to discuss it with his sister or other members of his family. At this point there was an agreement among everyone but the accused that he would plead guilty to murder in the second degree *565 and the maximum sentence would be fifteen years in the penitentiary. The accused's agreement was conditioned upon his first discussing the matter with his family. That is not of great significance, however, since a defendant may withdraw his tendered plea of guilty anytime before it is finally accepted in open court. Fla.R. Crim.P. 3.172(f).
After these negotiations were concluded but before the plea was tendered in court, the assistant state attorney was told by the state attorney that the plea was not an acceptable agreement. The assistant state attorney then informed the defense attorney and the judge that the offer was withdrawn and a different arrangement must be made before the State would agree to a murder two plea. With understandable chagrin, the judge said the State had agreed to the lesser plea with a fifteen year cap and it could not withdraw its agreement. The judge stated his intention to accept the agreement and the plea and sentence the defendant in accordance with the agreement. The State seeks our writ of prohibition to keep the judge from going through with his intention.
The judge called it a unilateral contract which could not be broken. Without belaboring the contract law we should call it an illusory contract because it was unenforceable and ineffective as to at least one party, the defendant, until all the requirements of Fla.R.Crim.P. 3.172 were complied with. Moreover, Fla.R.Crim.P. 3.172(f) clearly says either party may withdraw its offer up until the formal acceptance of the plea. The rule also provides the offer may be withdrawn without any necessary justification. Therefore, the State was within its right to withdraw the offered plea and the judge should have recognized the withdrawal. We have considered Butler v. State, 228 So.2d 421 (Fla. 4 DCA 1969) which involved Willie James Butler, who was charged with rape and after he was charged it was agreed he would take a lie detector test about the alleged crime. If he failed the lie detector test, the results would be introduced into evidence; if he passed, the charge would be dismissed. He passed the test and the prosecutor entered his nolle prosequi. Later the prosecutor recharged Butler and the case was moved to St. Lucie County and he was convicted. This case is obviously not on point. There was a full-fledged agreement which was relied upon by the defendant to his detriment and upon which the State reneged. Our court properly reversed the conviction. Here the defendant had done nothing to his legal detriment in reliance upon a mere offer of the State. There was no contract and, under the cited rules, the State properly withdrew the offer.
Writ of prohibition is granted and the matter is remanded for further proceedings.
LETTS and MOORE, JJ., concur specially with opinions.
MOORE, Judge, concurring specially:
I agree with the conclusion reached; but I must respectfully disagree with the factual determinations upon which the conclusion is based.
On an indictment for murder in the first degree, an assistant state attorney offered to allow the defendant to enter an "open" plea to murder in the second degree. This offer was made to defense counsel who stated that he thought his client would accept the offer, but only after they could receive an indication from the trial judge as to the length of sentence which would be imposed. The defendant and counsel for both parties then appeared before the trial judge who indicated he would accept the plea, and sentence the defendant to a 15-year term of incarceration. Thereupon, and in response to the court's inquiry, defense counsel announced that his client would probably accept the plea but that he first wanted to discuss it with his sister. He never unconditionally accepted the state's offer; and thus, there was no contract.
Within a matter of days, the state withdrew its offer because the state attorney felt that a 15-year sentence was extremely lenient on an indictment for murder in the first degree. Had there been an unequivocal *566 acceptance of the plea bargain, the principles announced in Butler v. State, 228 So.2d 421 (Fla. 4th DCA 1969) may have come into play; however, Fla.R.Crim.P. 3.172(f) clearly allows either party to withdraw an offer prior to its formal acceptance.
At the defendant's request, the matter was set for hearing before the trial judge for a change of plea. At that time, the trial judge stated:
"... I accepted the plea; and I feel I am bound with it, whether you are bound with it or not, whether you feel you are bound with it or not... . I committed myself to the defense that I would accept the plea to second degree murder. If they want to plead to second degree, I would sentence the defendant to 15 years in the state penitentiary. I feel bound by it, and if they are willing to accept it, I am going to do it."
In my opinion, this violates the separation of powers under our tripartite system of government. It is the executive branch of government, not the judicial branch, which is charged with the responsibility of determining and presenting accusations of criminal conduct. In the case sub judice, the state attorney presented a factual situation to the grand jury which indicted the defendant for the crime of murder in the first degree. It was the state attorney, and he alone, who could agree to reducing that charge. Absent a binding agreement, the judicial branch of government is powerless to require such a reduction.
It is my opinion that there never existed a binding agreement by way of an offer and an unequivocal acceptance; that there was never a formal acceptance of a plea to murder in the second degree; and the state properly withdrew its offer pursuant to the terms of Fla.R.Crim.P. 3.172(f).
LETTS, Judge, also concurring specially:
I agree with the conclusion reached and also with all that Judge Moore has said, but would like to comment on Judge Dauksch's statement that the judge's chagrin was understandable. By this, although the opinion later says otherwise, he appears to me to imply that while the state may not have been legally bound, what it did was somehow reprehensible. We need no citations to support the proposition that an offer can be withdrawn prior to acceptance. That is exactly what happened here. Would the judge have been entitled to understandable chagrin if the defendant had returned and said he wanted to go to trial? Of course not, because there never was a contract.
NOTES
[1] Fla.R.Crim.P. 3.170(g): Plea of Guilty to Lesser Included Offense or Lesser Degree.

"The defendant, with the consent of the court and of the prosecuting attorney, may plead guilty to any lesser offense than that charged which is included in the offense charged in the indictment or information or to any lesser degree of the offense charged."
[2] Fla.R.Crim.P. 3.172(f): Acceptance of Guilty or Nolo Contendere Plea.

"No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements and determinations required by this Rule. Until that time, it may be withdrawn by either party without any necessary justification."