PER CURIAM.
Appellant contends on this appeal that his final judgment and sentence for heroin possession and attempting to elude a police officer, entered pursuant to a plea of nolo contendere, must be reversed because the plea was not voluntary. After a thorough review of the record, we agree and reverse. There is ample authority for addressing the issue on direct appeal where as here that attack on the voluntariness of the plea appears on its face to be substantial. See Lovelace v. Wainwright, 352 So.2d 907 (Fla. 1st DCA 1977); Wood v. State, 357 So.2d 1060 (Fla. 1st DCA 1978). See also Bloom v. State, 290 So.2d 128 (Fla. 3d DCA 1974).
The record indicates that a great deal of confusion surrounded the giving of appellant’s plea. It appears that the officer who had investigated the drug charges against appellant had agreed to recommend that the sentence on the charge be made concurrent with any time left on appellant’s parole violation (approximately 18 months) if appellant would plead nolo contendere and cooperate with the officer in certain ongoing drug investigations. The assistant state attorney stated at the time of the plea that if appellant did not cooperate, “he could withdraw his plea and go to trial and then the judge could give him up to five years.”
*461 Appellant did not cooperate with the investigation and subsequently came up for sentencing before a different judge not familiar with the plea arrangement. The sentencing judge made limited inquiry into the plea agreement but the full details of the agreement, including the assistant state attorney’s comment that appellant would be allowed to withdraw his plea if he did not cooperate, were not communicated to the judge. After a long dialogue between appellant, the assistant state attorney and appellant’s counsel in which the terms of the agreement were disputed, the judge appeared to cut off further discussion, stated that he would not allow appellant to withdraw his plea, adjudicated him guilty on both counts and sentenced him to a five year prison term.
It is fundamental that a plea of guilty or nolo contendere must be voluntary to be effective. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). On this record we cannot say that appellant’s plea was in fact voluntary. Whatever the exact plea agreement was, it is clear that the assistant state attorney agreed to allow appellant to withdraw the plea and stand trial if he did not cooperate with the investigation. It is also clear that this part of the agreement was not made known to the sentencing judge by either the assistant state attorney or appellant’s counsel. Numerous cases hold that a trial court has an affirmative duty to offer a defendant an opportunity to withdraw his plea where there is confusion or legitimate disagreement as to the terms of a plea negotiation. Reynolds v. State, 339 So.2d 714 (Fla. 2d DCA 1976); Morton v. State, 317 So.2d 145 (Fla. 2d DCA 1975); Bloom v. State, supra.
Accordingly, the judgment and sentence are reversed and the cause is remanded with directions to allow appellant to withdraw his plea and stand trial.
ERVIN, Acting C. J., MELVIN, J., and MASON, ERNEST E., Associate Judge, concur.