368 So.2d 638 (1979)
Junior ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1652.
District Court of Appeal of Florida, Second District.
March 16, 1979.
*639 Jack O. Johnson, Public Defender, W.C. McLain, Asst. Public Defender, and David A. Davis, Legal Intern, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
The appellant was sentenced to five years upon conviction of the offense of carrying a concealed firearm. In this appeal he contests the court's reservation of jurisdiction over a portion of his sentence under Section 947.16(3), Florida Statutes (Supp. 1978).
The portion of that statute pertinent to this appeal reads as follows:
(3) Persons who have become eligible for parole and who may, according to the objective parole guidelines of the commission, be granted parole shall be placed on parole in accordance with the provisions of this law; except that, in any case of a person convicted of murder, robbery, aggravated assault, aggravated battery, kidnapping, sexual battery, arson, or any felony involving the use of a firearm or other deadly weapon or the use of intentional violence, at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order. This jurisdiction of the trial court judge is limited to the first third of the maximum sentence imposed.
The question before us is whether carrying a concealed firearm is a felony "involving the use of a firearm."
Some good semantical arguments concerning the word "use" are made by both sides. The appellant also argues that because the statute is penal in nature, it must be strictly construed. Dotty v. State, 197 So.2d 315 (Fla. 4th DCA 1967). In the final analysis, a study of the enumerated crimes which bring the statute into play leads us to believe that the legislature contemplated that the firearm or other deadly weapon was to have been employed in some manner in connection with the felony before the court would be authorized to retain jurisdiction over the defendant's sentence.
Our conclusion is fortified by Section 775.087, Florida Statutes (1977), which reclassifies felonies upward when a firearm is involved. In that section, the felonies in question are those in which "the defendant carries, displays, uses, threatens, or attempts to use" a firearm. If, in Section 775.087, the terms "uses" and "carries" have different meanings, then it should follow that the legislature also conceived of those terms as different when it enacted Section 947.16(3), and thus did not intend for that section to apply to a carrying offense.
The judgment is affirmed, but the retention of jurisdiction over the sentence pursuant to Section 947.16(3) is hereby stricken.
HOBSON, J., concurs.
BOARDMAN, J., dissents with opinion.
BOARDMAN, Judge, dissenting.
Respectfully, I disagree with the majority. I would affirm the ruling of the trial court in all respects.
With due deference, I disagree with Chief Judge Grimes that "a study of the enumerated crimes which bring the statute into play leads us to believe that the legislature contemplated that the firearm or other *640 deadly weapon was to have been employed in some manner in connection with the [crime]... ." Those crimes may all be committed without a firearm and some may be committed without a deadly weapon.
The majority opinion relies somewhat on the wording of Section 775.087 which speaks to sentencing for a commission of a crime during which a "defendant carries, displays, uses" a firearm. I find the distinction made between the words carries, displays, and uses in this statute offers little guidance to resolution of the issue before us.[1] Since the majority has concluded based on this distinction that "the use" does not include carry, then it follows that "the use" must not include display. A logical extension of the majority's reasoning would result in the inapplicability of Section 947.16(3) to felonies where firearms or deadly weapons were "displayed" but not "used." I do not believe that the legislature intended such a result.
If Section 947.16(3) contemplated actual employment of a firearm, "use" would have been included in the statute as a verb rather than as a noun. The definition of "use" as a noun includes several variations on the concept of the power to or availability for use. In my view carrying a concealed firearm necessitates "the use" of that weapon in the commonly understood meaning of the noun "use" since one must have in his possession a firearm; and, thereby, it is readily accessible, available, and adaptable for use.
Accordingly, I would affirm.
NOTES
[1] The legislature may well have intended by the terms of Section 775.087 to avoid problems other jurisdictions have experienced with statutes which include only the word "carries" such as whether locomotion of the defendant is required. See Annot., 43 A.L.R.2d 492.