SCHEB, Chief Judge.
James G. Thomas pled guilty on March 6, 1979, to two counts of robbery, one count of aggravated assault, one count of fleeing a police officer and one count of obstructing or opposing an officer with violence. On July 24, 1980, Thomas moved for postcon-viction relief under Florida Rule of Criminal Procedure 3.850. He alleged in his motion that he did not understand that the offenses with which he was charged carried a three-year mandatory minimum sentence, and that he was denied effective assistance of counsel.
Florida Rule of Criminal Procedure 3.172(c), Acceptance of Guilty or Nolo Con-tendere Plea, requires that, “the trial judge . shall address the defendant personally and shall determine that he understands the following: (i) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any . . . .”
The record shows that the trial court conducted a colloquy to determine the vol-untariness of the plea. It does not indicate, however, that the court determined that Thomas understood that the charges to which he pled required it to impose a three-year minimum sentence.[1] Therefore, the trial court erred in summarily denying Thomas’ Rule 3.850 motion. See Richmond v. State, 375 So.2d 1132 (Fla. 1st DCA 1979); Norris v. State, 343 So.2d 964 (Fla. 1st DCA 1977). We have also examined Thomas’ contention that he was denied effective assistance of counsel. We find this allegation affords no basis for relief.
We remand for the trial court to hold an evidentiary hearing to determine whether Thomas understood that these offenses required the court to impose a minimum three-year sentence. If not, the court must give him an opportunity to withdraw his plea. Norris, 343 So.2d at 964-65.
HOBSON and CAMPBELL, JJ., concur.

. Otherwise, the colloquy established the vol-untariness of Thomas’ plea.