395 So.2d 520 (1981)
STATE of Florida, Petitioner,
v.
James Edward WILSON, Respondent.
No. 58429.
Supreme Court of Florida.
February 19, 1981.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for petitioner.
*521 No appearance, for respondent.
ENGLAND, Justice.
On December 21, 1979, the First District Court of Appeal approved James Wilson's collateral attack by way of motion for post-conviction relief[1] on a five-year sentence of burglary to which Wilson pled guilty.[2] The basis for the district court's action was a failure of the trial court to advise Wilson of a mandatory minimum three-year sentence for the crime to which he had pled guilty, a requirement recently imposed by Florida Rule of Criminal Procedure 3.172(c)(i).[3]
We find it unnecessary to pass on the legal questions raised in the district court. The record before us clearly shows that counsel for the state advised the court during the sentencing proceeding, with Mr. Wilson present:
"For the record, the sentence is a three-year mandatory sentence,"
which the court acknowledged on the record by saying:
"That's right."
The requirement of Rule 3.172(c)(i) is met when the record conclusively demonstrates that the defendant was apprised of the mandatory minimum penalty provided by law. Obviously, the sentence was properly imposed following Wilson's plea of guilty.
The decision of the district court is quashed and this case is remanded for further proceedings.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON and McDONALD, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.850.
[2] Wilson v. State, 378 So.2d 1258 (Fla. 1st DCA 1979). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[3] See The Fla. Bar Re Fla. Rules of Criminal Procedure, 343 So.2d 1247 (Fla. 1977). Prior to the adoption of Rule 3.172(c)(i), there was no requirement under Florida law that a defendant be advised of any mandatory minimum sentence. See, e.g., Knowles v. State, 356 So.2d 885 (Fla. 3d DCA 1978).