PER CURIAM.
Appellant appeals from the trial court’s denial of his motion for reconsideration of sentence or to set aside judgment and allow a plea of not guilty to be entered. Appellant entered a plea of nolo contendere to possession of more than 20 grams of cannabis. At the plea hearing, the following colloquy took place between appellant and the trial judge:
THE COURT: Now I’ve discussed this matter with Mr. Antonacci and with your lawyer, and I have agreed that any period of incarceration that’s required in this case will be served at the county jail, but that’s the only thing that this court has agreed. Do you understand that?
DEFENDANT: Yes, sir.
THE COURT: Now, with the understanding that this may result in your incarceration in the Leon County jail for a period of up to one year —
DEFENDANT: Yes, sir.
THE COURT: —are you — are you sure this is what you want to do?
DEFENDANT: Yes, sir.
After receiving the presentence investigation report, however, the trial judge sentenced appellant to three years in prison. Because the trial judge could not uphold his portion of the agreement, he should have allowed appellant to withdraw his plea. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978); Richmond v. State, 375 So.2d 1132 (Fla. 1st DCA 1979). Therefore, we reverse and remand to the trial court to impose sentence in accordance with the agreement or to vacate the judgment and allow appellant to withdraw his plea.
REVERSED.
ROBERT P. SMITH, Jr., C. J., and McCORD and MILLS, JJ., concur.