406 So.2d 1148 (1981)
Jerry GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. VV-260.
District Court of Appeal of Florida, First District.
October 20, 1981.
Rehearing Denied December 9, 1981.
Joe Farley of Mahon, Mahon & Farley, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Defendant Green appeals from his convictions of and sentences for burglary with the intent to commit an assault [§ 810.02, Fla. Stat.] and sexual battery with the use of or threat to use a deadly weapon [§ 794.011(3), Fla. Stat.].
The primary issue presented for our consideration is whether Green understood his guilty plea or its consequences. The facts regarding this issue are essentially undisputed. Green's initial counsel, an assistant public defender, negotiated a plea whereby the State agreed to drop other charges pending against Green in return for his plea of guilty to the burglary and sexual battery charges. At the change-of-plea hearing Green was advised that he could be sentenced to up to life on each count with the possibility that the sentences could be consecutive. Green had previously signed a form which stated, among other things, that he had been advised of the nature of the charges, the statutory defenses included in the charges, and the range of possible punishments. At the hearing he affirmatively stated that he did indeed understand these aspects of his plea. Upon accepting the plea, the trial judge ordered a presentence investigation and adjourned the hearing. Several weeks later at the sentencing hearing, the assistant state attorney advised the trial judge of the possibility of sentencing to a lengthy term of years and retaining jurisdiction over the sentence. The trial judge admitted that he planned to impose two consecutive life sentences. He then called a recess to study the retention of jurisdiction question.
When the sentencing hearing was reconvened later that day, the trial judge sentenced the defendant to 90 years for the sexual battery and 50 years for the burglary, the terms to be served consecutively. Further, he retained jurisdiction over the first one-third of the cumulative sentences.
Defendant then filed a motion to vacate and set aside his sentence, alleging, among other things, that there had been no indication regarding the maximum sentence to be given. Upon questioning by his counsel, *1149 Green admitted that he knew he could be sentenced up to life. However, he stated that he did not know that the trial judge could retain jurisdiction over his sentence and that he could not be released on parole without the trial judge's permission. He further noted that, had he known of that possibility, he would not have entered the plea of guilty. The trial judge stated, for the record, that Green had not been informed of the maximum possible sentence, i.e., that the trial judge could retain jurisdiction over one-third of the stated sentence. (TR: 59-60) Nevertheless, he denied the motion to vacate.
Upon these facts, the issue squarely before this court is whether the trial judge is required to advise a defendant of the possibility of the trial judge's retaining jurisdiction over a part of the defendant's sentence. Florida Rules of Criminal Procedure, Rule 3.172(c)(i) specifically provides that:
Except where a defendant is not present for a plea, pursuant to the provisions of Rule 3.180(c), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he understands the following:
(i) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law ...
Prior to 1977, the applicable rule required the trial court to determine "that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness." Fla.R.Crim.P. 3.170(j) (1972). However, as noted above, the presently effective rule requires a specific determination that the defendant understands both the mandatory minimum penalty, if any, and the maximum possible penalty. The courts of this State have routinely held that the failure to advise a defendant of a mandatory minimum sentence prevents the defendant from being properly apprised of the significance of his or her plea. E.g. Norris v. State, 343 So.2d 964 (Fla. 1st DCA 1977). Under such circumstances, the defendant should be afforded the opportunity to withdraw his or her plea of guilty. Id.; See Jenkins v. United States, 420 F.2d 433 (10th Cir.1970). It logically follows that, since it is error to fail to advise the defendant of a mandatory minimum sentence, it is also error to fail to advise defendant of a maximum possible sentence. Under such circumstances, Green's sentence was not what he bargained for. See also Richmond v. State, 375 So.2d 1132 (Fla. 1st DCA 1979). Accordingly, we find that the defendant was not properly apprised of the true significance and consequences of his guilty plea. We therefore remand this cause to the trial court for the purpose of allowing the defendant to withdraw his guilty plea, should he so desire.
For purposes of any subsequent proceeding, we also note that the trial judge may not retain jurisdiction over the defendant's sentence for burglary. § 947.16(3), Fla. Stat. See Robinson v. State, 368 So.2d 638 (Fla. 2d DCA 1979). We have considered Green's remaining points on appeal and find them to be without merit. See Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
McCORD and SHIVERS, JJ., and LILES, WOODIE A. (Retired), Associate Judge, concur.

ON MOTION FOR REHEARING
PER CURIAM.
We have considered appellee's motion for rehearing and in lieu of remanding this cause to the trial court for the purpose of allowing the defendant to withdraw his guilty plea should he so desire, we remand with directions that the trial court either strike the retention of jurisdiction and let the original plea stand or that appellant be allowed to withdraw his guilty plea should *1150 he so desire. The motion for rehearing is in all other respects denied.
We do certify that our ruling in this cause passes upon a question of great public interest as follows:
Where the requirements of Florida Rule of Criminal Procedure 3.172 are otherwise met but the trial judge does not advise a guilty pleading defendant that the trial judge might retain jurisdiction over a part of his sentence, must the defendant be allowed to withdraw his guilty plea if the trial judge thereafter determines to retain such jurisdiction where the defendant testifies that he did not know that the trial court could retain jurisdiction over his sentence and there is no evidence that he did have such knowledge?
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
MILLS, McCORD and SHIVERS, JJ., concur.