PER CURIAM.
The trial court sentenced the appellant pursuant to the terms of a plea agreement and retained jurisdiction over the first twenty years of appellant’s sentence, pursuant to the terms of Section 947.16(3), Florida Statutes (1979). On appeal appellant challenges the constitutionality of Section 947.16(3), and also asserts that he should have been allowed to withdraw his guilty plea because the trial court did not advise him in advance of its intention to retain jurisdiction.
The supreme court has now upheld the constitutionality of Section 947.16(3). See Borden v. State, 402 So.2d 1176 (Fla. 1981). This disposes of appellant’s contention to the contrary.
The second basis of appeal, however, requires reversal. Appellant’s eligibility for parole was undoubtedly a major factor in his decision to enter a plea of guilty. It is conceded that' appellant was not informed that the trial court could or would retain veto authority over appellant’s parole for twenty years. Fundamental fairness requires that the appellant be allowed to withdraw his plea and the case proceed to trial. There should be no substantial surprises in plea agreements. The retention of jurisdiction was an integral part of the sentence and, in its effect, made the sentence actually imposed upon appellant more severe than the sentence contemplated by the plea agreement and hence the appellant should be entitled to an opportunity to withdraw his plea. Green v. State, 406 So.2d 1148 (Fla.1981). See also State v. Wilson, 395 So.2d 520 (Fla.1981); and Richmond v. State, 375 So.2d 1132 (Fla. 1st DCA 1979). The trial court may either modify the sentence, eliminating retention of jurisdiction or, in the alternative, afford appellant the opportunity to change his plea.
We therefore reverse and remand for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
*1220 ANSTEAD and HERSEY, JJ., concur.
MOORE, J., dissents without opinion.