412 So.2d 454 (1982)
Larry J. PAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 81-274.
District Court of Appeal of Florida, Second District.
April 14, 1982.
*455 Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Appellant appeals from his conviction and sentence for grand theft. He contends that the trial judge erred when he failed to conduct a Richardson[1] hearing after the state violated a rule of criminal procedure during trial. We find no reversible error and affirm.
It is a cardinal rule that, except in a case of fundamental error, an appellate court will not consider an issue unless it was specifically raised at the trial level as the legal basis for an objection or motion. Steinhorst v. State, 412 So.2d 332 (Fla. 1982); Castor v. State, 365 So.2d 701 (Fla. 1978); State v. Barber, 301 So.2d 7 (Fla. 1974).
Appellant cites on this appeal the state's violation of a specific procedural rule and, also for the first time, cites Richardson and the doctrine first enunciated in that case. We find no error of a fundamental nature under the circumstances here. The contention presented orally to the trial judge is not the same as the point appellant now urges as reversible error. Therefore, the trial judge had no opportunity to focus on and consider the issue that appellant now presents to us. We will not consider the point which appellant asserts for the first time here.
We have considered appellant's other point and find it to be without merit. See Perry v. State, 356 So.2d 342 (Fla. 1st DCA 1978); Pitts v. State, 333 So.2d 109 (Fla. 1st DCA 1976); Johnson v. State, 178 So.2d 724 (Fla. 2d DCA 1965).
AFFIRMED.
HOBSON, A.C.J., and GRIMES, J., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).