MILLS, Judge.
Viars appeals denial of his petition for post-conviction relief. We reverse and remand.
Viars was adjudicated guilty of burglary and sexual battery after a negotiated plea of nolo contendere. His appeal to this court resulted in a per curiam affirmance. Simultaneously with that decision, this court issued its opinion in Green v. State, 406 So.2d 1148 (Fla. 1st DCA 1981).
In Green, this court ruled that a defendant did not understand a guilty plea or its consequences if not advised of the possibility of one-third retained jurisdiction. The case was remanded so that Green could withdraw his plea or the retention of jurisdiction be struck. In Viars’ case, jurisdic *76 tion was retained over the first one-third of the sentence. He contends that he was never advised of the possibility of retained jurisdiction.
A failure to understand the consequences of a plea is an appropriate ground for post-conviction relief pursuant to Rule of Criminal Procedure 3.850. The decision in Green requires reversal so that the trial court may determine if Viars was advised of the possibility of retained jurisdiction and, if not, for further proceedings as spelled out in Green. If Viars was properly informed, the denial of relief should be accompanied by portions of the record indicating this.
The decision in Green is under review by the Florida Supreme Court. The mandate in this case shall be withheld until the time for seeking review in the Supreme Court expires and the disposition of review, if sought.
McCORD and SHIVERS, JJ., concur.