BARFIELD, Judge.
Shaw appeals the trial court’s denial of his Rule 3.850 motion. The issue is whether Shaw should have been permitted to withdraw his guilty plea when the trial court refused to follow a plea agreement. We reverse.
Shaw pled guilty on February 22, 1983, in exchange for a nine year sentence. At Shaw’s request his sentencing was postponed until March 2, 1983, and Shaw was allowed to remain free on bond. The trial court’s only condition on honoring the plea agreement was that Shaw be present for sentencing on March 2, 1983. Shaw was there on time, albeit he was accompanied by the local constabulary. It seems that Shaw was arrested on a new charge during the intervening week. The judge proceeded to accuse Shaw on the “bad news” he heard about him, try Shaw on the “bad news”, convict him, and punish him, all without regard to Shaw’s presumption of innocence or other constitutional safeguards attendant to the new charge. The judge refused to honor the nine year sentence agreement and sentenced Shaw to twenty-five years.
The trial court must either sentence Shaw to nine years or allow him to withdraw his guilty plea. LaBaissiere v. State, 429 So.2d 96 (Fla. 2d DCA 1983); Nichols v. State, 403 So.2d 1089 (Fla. 1st DCA 1981); Richmond v. State, 375 So.2d 1132 (Fla. 1st DCA 1979).
The denial of Shaw’s motion for post-conviction relief is REVERSED. The trial court is directed to sentence Shaw pursuant to the nine year agreement or permit him to withdraw his guilty plea.
WENTWORTH, J., concurs.
MILLS, J., dissents, with opinion.