449 So.2d 407 (1984)
Humberto PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2852.
District Court of Appeal of Florida, Second District.
May 4, 1984.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Humberto Perez, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals judgments and sentences for trafficking, possession, and delivery of methaqualone, possession of phenobarbitol, and trafficking in cocaine, violations *408 of sections 893.135 and 893.13, Florida Statutes (1981). Defendant filed a pro se brief after defense counsel filed an Anders brief. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We agree with defendant's contentions that the trial court erred in denying the defendant's motion to withdraw his nolo contendere plea.
At a combined change of plea and sentencing hearing, the court appointed an interpreter to assist in the proceeding because defendant was incapable of communicating in English. However, the trial court's inquiry of defendant to determine the voluntariness of defendant's plea pursuant to Florida Rule of Criminal Procedure 3.172(c) began before the interpreter's participation in the proceeding had begun. In particular, the record reflects that the defendant was not advised, through the interpreter, on the possible minimum mandatory penalties which could be imposed. Such advice is necessary in order that a guilty or nolo contendere plea may be intelligently and voluntarily entered. See State v. Wilson, 395 So.2d 520 (Fla. 1981); Thomas v. State, 386 So.2d 859 (Fla. 2d DCA 1980); Fla.R.Crim.P. 3.172(c)(i). Defendant adequately preserved this issue for appeal by moving to withdraw his plea. Robinson v. State, 373 So.2d 898 (Fla. 1979); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
The record also indicates that defendant lacked a full understanding of the court proceeding. For example, when asked if he understood that he was giving up certain rights by entering a plea, defendant responded:
THE INTERPRETER: The only people that he knows that would help him out are his parents and his wife but they weren't when, you know, they weren't with him when it happened and they don't speak English anyway.
Additionally, during the prosecutor's statement of the factual basis for the plea, defendant complained that he did not know what the prosecutor was talking about. Finally, after sentence was imposed, defendant questioned why he was sentenced to fifteen years (the minimum penalty for trafficking in methaqualone in the amounts charged).
Taken as a whole, the record shows that the defendant did not understand the nature and consequence of his plea. He should have been allowed to withdraw the plea. See Williams v. State, 365 So.2d 460 (Fla. 1st DCA 1978).
We therefore reverse and remand so that defendant may have the opportunity to enter a voluntary and intelligent plea or stand trial. Of course, if defendant again enters a plea, the trial court, in accordance with Florida Rule of Criminal Procedure 3.172(a), will satisfy itself that there is a factual basis for the charge of trafficking in cocaine. We do not see such a basis in the record.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
OTT, C.J., and HOBSON, J., concur.