RYDER, Chief Judge.
This appeal is from the summary denial of a motion seeking post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant alleges that the court violated his plea agreement by sentencing him to the agreed twenty-five years imprisonment but also imposing two consecutive three year minimum mandatory sentences of which appellant was unaware. If this allegation is true, appellant might be entitled to post-conviction relief. Richmond v. State, 375 So.2d 1132 (Fla. 1st DCA 1979); Norris v. State, 343 So.2d 964 (Fla. 1st DCA 1977). The trial court, however, failed to conduct an evidentiary hearing or attach to its order a transcript of the hearing where appellant pled guilty which would refute this allegation.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegation raised in appellant’s motion. See Fla.R.Crim.P. 3.850; Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
*69 Reversed and remanded with instructions.
GRIMES and CAMPBELL, JJ., concur.