503 So.2d 388 (1987)
Theresa ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2133.
District Court of Appeal of Florida, Second District.
February 18, 1987.
James Marion Moorman, Public Defender, and Joel E. Grigsby, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
The defendant challenges her guidelines departure sentence on the ground that the reason expressed by the trial judge for the departure was impermissible. We agree and reverse.
The defendant was charged with two counts of grand theft to which she entered pleas of nolo contendere. At the change of plea hearing, she was placed under oath and questioned by the trial judge regarding her prior convictions. The trial judge warned the defendant that if she had lied about her past record he would treat that lie as a reason for departure from the guidelines recommended sentence.
Apparently, the presentence investigation report revealed prior convictions in addition to those which the defendant admitted at the hearing. The sentencing guidelines scoresheet recommended a sentence of four and one-half to five and one-half years. The trial judge departed by sentencing the defendant to two consecutive five-year terms of imprisonment. He gave the following reason in writing:
The court has exceeded the recommended sentence guideline in that in recounting her criminal history the defendant lied. In accepting her plea of guilty the court told the defendant that if she lied about her past record that the court would consider it a sufficient reason to exceed guidelines. The court had agreed to a guidelines sentence if the defendant would be truthful about her criminal past but if not the court promised up to a maximum sentence.
First, we point out that perjury is an impermissible reason for departure from a guidelines recommended sentence. Neal v. State, 487 So.2d 367 (Fla. 2d DCA 1986). The question in this case is whether the action of the trial judge in making truthfulness a condition of his promise to adhere to the guidelines elevates this reason to a proper reason for departure. In an analogous case, our supreme court has recently ruled that it does not.
In Williams v. State, 500 So.2d 501 (Fla. 1986), the trial judge informed the defendant that he would be sentenced within the guidelines under three conditions, one of which was that he appear for sentencing on a specified date. The defendant did not appear for sentencing and the trial judge *389 imposed a departure sentence, giving as a reason the fact that the defendant had failed to appear for sentencing. This court upheld the departure sentence. Williams v. State, 471 So.2d 201 (Fla. 2d DCA 1985). The supreme court quashed this court's decision and remanded for resentencing. The court held that departing from the guidelines because the defendant has failed to appear is not permissible because it does not constitute a clear and convincing reason for departure. The court further held that a defendant's "acquiescence" in the imposition of such a condition by the trial judge makes no difference and cannot confer authority on the court for a departure in such a situation. The court pointed out that a defendant cannot by agreement confer on the trial court the authority to impose an illegal sentence and stated that if a departure is not supported by clear and convincing reasons, the mere fact that a defendant agrees to it does not make it a legal sentence.
Following the supreme court's decision in Williams v. State, we reverse in this case and remand for the imposition of sentence within the recommended guidelines range.
Reversed and remanded.
SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.