PER CURIAM.
Appellant challenges the denial of his motion to withdraw plea and his sentences which represent departures from the guidelines. We affirm the trial court’s denial of appellant’s motion to withdraw plea, but reverse his sentences and remand to the trial court for resentencing.
Appellant was charged with two counts of carrying a concealed firearm. On April 12, 1985, he pleaded guilty to both counts. The trial judge advised appellant that he would place him on probation if he had no prior felony convictions or violent offenses. The trial judge further advised appellant that if he failed to appear for sentencing, he would be subject to “being sentenced outside the guidelines up to a maximum of ten years.” Appellant told the trial judge that he understood. Sentencing was set for May 13, 1985. Appellant failed to appear for that sentencing hearing.
*356 On December 6, 1985, appellant filed a motion to withdraw plea, alleging he discovered that only a single crime arose from his possession at a given time of more than one concealed firearm, citing Johnson v. State, 456 So.2d 529 (Fla. 4th DCA 1984), pet. for rev. denied, 464 So.2d 555 (Fla. 1985). Appellant requested the trial court to allow him to withdraw his guilty plea on the second count of carrying a concealed firearm.
At the January 21, 1986, hearing on appellant's motion, the trial court rejected the Johnson case, and instead found that carrying two concealed firearms constituted two separate offenses, citing State v. Grappin, 427 So.2d 760 (Fla. 2d DCA 1983), approved, 450 So.2d 480 (Fla.1984). Accordingly, the trial court denied appellant’s motion to withdraw plea.
The trial court sentenced appellant to concurrent terms of four years imprisonment on each count. The presumptive guidelines sentence was any nonstate prison sanction. The trial court’s written reasons for departure essentially were:
1. Appellant failed to appear for sentencing on May 13, 1985;
2. Appellant failed to disclose prior convictions that the PSI revealed;
3. Appellant had several probation and parole violations; and
4. Appellant’s disregard for the law and court demonstrated that he was not suitable for probation or community control and constituted a threat to the community.
With respect to the denial of his motion to withdraw plea, appellant appears to assert on appeal that his plea was not voluntary because he bargained for probation, but received incarceration. He does not challenge the denial of his motion on the basis that he raised in the trial court, i.e., only a single crime arose from his possession of more than one concealed firearm at a given time. Except in cases of fundamental error, this court will not consider an issue unless it was specifically raised as the legal basis for an objection or motion at the trial level. Page v. State, 412 So.2d 454 (Fla. 2d DCA 1982). Because appellant did not raise this issue in his motion, we affirm the trial court’s denial, without prejudice to appellant to raise the voluntariness of his plea in a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. See Kays v. State, 476 So.2d 317 (Fla. 2d DCA 1985); Sanders v. State, 462 So.2d 68 (Fla. 2d DCA 1984).
Appellant next contends that the trial court did not provide clear and convincing reasons for departing from the guidelines. The trial court’s first two reasons for departure are invalid. A defendant’s failure to appear for sentencing is not a clear and convincing reason for departure. Williams v. State, 500 So.2d 501 (Fla.1986). Similarly, a defendant’s agreement to allow the trial court to depart from the guidelines if he or she lies about prior criminal record is not a valid reason for departure. Anderson v. State, 503 So.2d 388 (Fla. 2d DCA 1987) (citing Williams).
The third reason, repeated probation and parole violations, is a valid reason for departure. Adams v. State, 490 So.2d 53 (Fla.1986). Further, we conclude that the trial court’s fourth “reason” is, as recognized recently by our supreme court in Scott v. State, 508 So.2d 335, 337 (Fla. 1987), “an express statement of the trial judge’s conclusion that departure is justified based on the valid reason.”
Because there are both valid and invalid reasons for departure and the state has not proven beyond a reasonable doubt that the trial court would have departed absent the invalid reasons, we reverse appellant’s sentences and remand for resen-tencing. Casteel v. State, 498 So.2d 1249 (Fla.1986).
Accordingly, appellant’s convictions are affirmed, but his sentences are reversed and remanded for resentencing.
RYDER, A.C.J., and SCHOONOVER and FRANK, JJ., concur.