## HALEY v STATE OF FLORIDA
### Case No. 87-19 AP
Fourth Judicial Circuit, Duval County
October 26, 1987

### APPEARANCES OF COUNSEL
**Office of the Public Defender** for appellant.
**Office of the State Attorney** for appellee.

### OPINION OF THE COURT

R. HUDSON OLLIFF, Circuit Judge.

This cause came before this Court on appeal from County Court. The Court has heard argument of counsel and read cited authority—and finds:

## I. FACTS

This appeal involves the denial of Appellant's motion to withdraw a guilty plea under Rule 3.172, Florida Rules of Criminal Procedure. On January 30, 1987, the Jacksonville Sheriff's Office arrested Appellant for Driving Under the Influence, Section 316.193, Florida Statutes (1985). Later that same day, Appellant appeared for arraignment before the County Court. The judge of that court advised Appellant and several other individuals, *en masse,* of their constitutional rights. There was no inquiry directed to Appellant on whether he heard or understood those rights as required by Rule 3.172, Florida Rules of Criminal Procedure. The judge advised Appellant of the charges against him and asked him if he wanted a lawyer. Appellant indicated he would represent himself and signed a waiver of counsel form. The judge next asked Appellant how he pled and Appellant entered a plea of guilty.

After a review of Appellant's record, the judge informed Appellant that the maximum sentence he could receive was nine months' incarceration. The judge asked Appellant if he understood the constitutional rights he gave up by pleading guilty. Appellant immediately responded by asking: *"Can I change my plea and get a lawyer, if I could?"* The judge responded by telling Appellant that he just said he had entered his plea of guilty because he was guilty. Appellant was asked some more questions about whether he still wanted a lawyer. Appellant later told the judge he was scared when asked whether he understood the proceedings in court. The judge made no further inquiry about Appellant's ability to understand his rights. The judge did repeat his questions about whether Appellant wanted to waive his right to counsel and other constitutional rights. Appellant then received a sentence of nine months in the county jail.

After sentence, the judge appointed the Office of the Public Defender to represent Appellant and held a hearing on Appellant's Motion to Withdraw Plea. Appellant testified he did not understand the *en masse* rights. He also testified about his misapprehension of the possible sentence he could have received for a DUI conviction. The judge denied the motion and found a factual basis for the entry of the plea at that time by reading the arrest and booking report into the record.

## II. LAW AS APPLIED TO FACTS

The defendant, in every case, has an absolute right to withdraw his plea before the court formally accepts it. *Harden v. State,* 453 So.2d 550 (Fla. 4th DCA 1984); *Hyde v. State,* 405 So.2d 445 (Fla. 1st DCA 1981). A trial court formally accepts the plea when it affirmatively

states to the parties, in open court and for the record, that it accepts the plea. *Harden v. State, supra.* At the time Appellant attempted to withdraw his plea, the trial court had not formally accepted his plea. The judge was still questioning Appellant about his understanding of his constitutional rights when Appellant asked to withdraw his plea. Prior to the acceptance of the plea, neither the defendant, the judge, or the prosecutor are bound by it.

Any part may withdraw from the plea agreement/offer before its acceptance without justification. *State v. Reasbeck,* 359 So.2d 564 (Fla. 4th DCA 1978). Once Appellant asked to withdraw his plea, the judge did make a good faith effort to insure that Appellant still wanted to waive his right to counsel. However, the judge did not inform Appellant that he could withdraw his plea. Appellant did not have to justify his withdrawal of the plea at that time and the judge had no discretion to deny it. Consequently, it was error to deny the motion to withdraw the plea.

Even if Appellant could not have withdraw his plea, it was improperly accepted. Rule 3.172, Florida Rules of Criminal Procedure, requires the judge to advise the defendant of certain rights prior to the acceptance of the plea. Rule 3.172 also requires the judge to address the defendant personally about the constitutional rights. Although the judge did read most of the rights contained in Rule 3.172 to Appellant and others *en masse,* there is no evidence in the record that Appellant heard and understood those rights. The judge should have simply asked Appellant if he heard and understood the *en masse* rights.

The judge also failed to receive a factual basis for the plea into the record at the time of the plea. *Dydek v. State,* 400 So.2d 1255 (Fla. 2d DCA 1981); *Williams v. State,* 316 So.2d 267 (Fla. 1975). The finding of a factual basis for the plea at the hearing on the motion to withdraw the plea did not comply with Rule 3.172. The judge did make a well-intended attempt to insure that Appellant actually wanted to waive his right to counsel after he entered his plea. However, Rule 3.172 includes several other rights that the judge inadvertently overlooked. Appellant's apprehension also indicated confusion and misgiving about the entry of his plea. The judge should have further inquired into Appellant's misgivings to insure that the plea was freely and voluntarily made. *Perez v. State,* 449 So.2d 407 (Fla. 2d DCA 1984); *Williams v. State,* 365 So.2d 460 (Fla. 1st DCA 1978).

In consideration thereof, it is

ORDERED that the denial of the Motion to Withdraw Plea is reversed and this cause is remanded to the trial court for proceedings not inconsistent with this opinion.

139

DONE AND ORDERED at Jacksonville, Florida, this 26th day of October, 1987.