527 So.2d 303 (1988)
James E. ORLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1809.
District Court of Appeal of Florida, Second District.
June 24, 1988.
*304 James Marion Moorman, Public Defender and Robert Mack, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Appellant was charged by information with one count of written threat to kill or do bodily harm and one count of extortion. Plea bargaining ensued, and a reading of the record reflects the following agreement between the state and appellant: appellant agreed to plead guilty to the charge of written threat to kill or do bodily harm; and the state agreed to dismiss the charge of extortion. It was agreed by the parties that appellant was to be sentenced to a "cap" of twenty-four months in state prison.
The trial court accepted appellant's guilty plea and set the sentencing hearing for twenty-eight days later. At the sentencing hearing, the trial court interpreted the plea agreement to the effect that "nothing prohibits me from placing him on probation following his term of imprisonment." The trial court then pronounced appellant's sentence as fifteen months' incarceration followed by ten years' probation. Appellant immediately made a demonstrative objection, shaking his head. The trial court proceeded to explain to appellant why he was imposing probation. After the trial court's discourse, appellant asked, "Is there any way I can withdraw the plea and take a jury trial?" The court answered, "No, sir." The assistant public defender representing appellant explained that appellant was worried his probation would be violated. The court replied that it, too, was concerned that appellant would violate his probation and that was exactly why he was placing him on probation: to force appellant to learn to live within society's rules. This appeal timely followed.
Appellant's first point on appeal argues that the trial court erred in not allowing him to withdraw his plea. We agree. We find the facts of this case more compelling than the facts in Reynolds v. State, 339 So.2d 714 (Fla. 2d DCA 1976), where we held that a defendant must be afforded the opportunity to withdraw his plea if the court rejects the plea bargain by sentencing the defendant to an additional fifteen years' probation. It is abundantly clear from the record in this case that appellant did not consider probation a viable option when he entered his guilty plea. There was  at a minimum  a legitimate disagreement as to the terms of the plea agreement and appellant should have been afforded the opportunity to withdraw his plea. Id. at 715.
Appellant's second point on appeal challenges the imposition of $300.00 in court costs without notice and a hearing. If, upon remand, appellant elects to withdraw his plea, such withdrawal would render this point moot. However, in the event appellant chooses to let his plea stand, then we hold that this issue is waived based on our holding in Henriquez v. State, 513 So.2d 1285 (Fla. 2d DCA 1987). A reading *305 of the record indicates that costs were announced in open court by the trial court and appellant made no objection. He thereby waived the issue for appellate purposes.
The judgment and sentence is vacated, and the case is remanded with instructions to allow appellant to withdraw his plea. Should he choose to do so, the state would be allowed to prosecute on both Count I and Count II (the latter was dismissed pursuant to the plea bargain). Should appellant decide not to withdraw his plea, the trial court should reinstate the previous judgment and sentence.
Vacated and remanded with instructions.
HALL and THREADGILL, JJ., concur.