GRIMES, Judge.
This is an appeal from the denial of appellant’s motion for post-conviction relief.
Appellant alleges that in January of 1980, at the’ age of twenty, he committed an aggravated battery. Pursuant to plea negotiations, he pled guilty, and the court placed him on three years probation. Thereafter, his probation was revoked, and he was sentenced to fifteen years imprisonment. He now contends that his counsel was ineffective because he failed to advise him during the original plea negotiations that he was entitled to be classified as a youthful offender pursuant to section 958.-04(2), Florida Statutes (1979). He asserts that during the plea bargaining proceedings, he was informed that he could receive up to fifteen years in prison if found guilty by a jury and claims that had he been informed of his statutory right to be sentenced as a youthful offender, he would not have accepted three years probation.
A handwritten note on the face of the motion suggests that the motion was denied because the court reasoned that classification of appellant as a youthful offender was a discretionary matter. Actually, however, the eligibility for classification as a youthful offender did not become fully discretionary until section 958.04 was amended, effective October 1, 1980. Ch. 80-321, Laws of Fla. Since the date of the crime controls the applicability of the Youthful Offender Act, State v. Pizarro, 383 So.2d 762 (Fla. 4th DCA 1980), and appellant’s crime was committed prior to the Act’s amendment, he had a right to be classified as a youthful offender providing he met the other criteria of the statute. While appellant may have waived his right to be sentenced under the Act by virtue of accepting probation, Preston v. State, 411 So.2d 297 (Fla. 3d DCA), petition for review denied, 418 So.2d 1280 (Fla.1982), we think his allegations of ineffective assistance of counsel are sufficient to require an evidentiary hearing.
Accordingly, we reverse the order denying the motion for post-conviction relief and remand the case for an evidentiary hearing.
BOARDMAN, A.C.J., and DANAHY, J., concur.