461 So.2d 260 (1984)
John Lee LUCAS, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-249.
District Court of Appeal of Florida, First District.
December 26, 1984.
*261 John Lee Lucas, in pro. per., for appellant.
Jim Smith, Atty. Gen. and Henri C. Cawthon, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
This is another appeal spawned by sentencing guidelines.
Lucas appeals from the trial court's denial without hearing of his Fla.R.Cr.Pr. 3.850 motion. He asserted several grounds which he claims tainted his plea of guilty and entitles him to have his judgment, sentence and guilty plea set aside. We believe one of the grounds has merit and reverse.
Lucas' motion was, in part, based upon ineffective assistance of counsel. He alleged that, prior to the entry of his guilty plea, he inquired of his attorney regarding the applicability of sentencing guidelines since, although the offense was committed prior to the October 1, 1983, effective date of guidelines, sentencing would be after October 1. The motion alleges that his attorney advised him that he had no right to be sentenced under the guidelines but that the State had the option in that regard. Lucas further alleged that his attorney's patently erroneous advice induced him to plead guilty in that, had he known that he had the right to be sentenced (whether after trial or plea of guilty) under the sentencing guidelines scheme, he would not have pled guilty.
The portions of the record which we have before us as attachments to the trial court's order do not necessarily refute Lucas' allegations regarding the attorney's advice. In fact, an inference can be drawn from the attachments that defense counsel herself may have been under the erroneous impression that Lucas was not entitled to elect to be sentenced under the guidelines, which is contrary to the provisions of Section 921.001(4)(a), Florida Statutes (1983). The following colloquy occurred between defense counsel and the court prior to the entry of the defendant's guilty plea:
[DEFENSE COUNSEL]: Your Honor, I might also add this is not a guideline case.
THE COURT: The Information in the case was filed June 24, the date of the alleged offense is June 3, 1983, and he is not electing to be sentenced pursuant to the guidelines?
[DEFENSE COUNSEL]: Your Honor, he is not.
Prior to the entry of the guilty plea, Lucas and his attorney signed a plea form. Paragraph one of the printed form recites, "My sentence has been negotiated in this case in that I will be sentenced to." Immediately thereafter was the handwritten notation, "30 years with a minimum mandatory of 3 years. This is not a guidelines sentence." During the plea dialogue, the following colloquy occurred between the court and the defendant:
Q I have in my hand a plea of guilty and negotiated sentence form number three. Have you had a chance to read this form?
A No, sir, she read it to me.
Q Do you understand it?
A Yes, sir, I understand what she read to me.

*262 Q Do you have any questions about anything that she read to you from this form?
A No, sir, I don't.
Q Paragraph number one of this form states my sentence has been negotiated in this case and that I will be sentenced to thirty years with a minimum mandatory of three years and that you are not electing to proceed under the sentencing guidelines.
Has anything else been promised to you?
A No, sir.
Q Is that your understanding of the sentence in this case?
A Yes, sir.
Did the defendant, when he entered his plea of guilty for a negotiated sentence, know that he had a right to be sentenced under the sentencing guidelines if he wished to so elect? As noted, the form signed by the defendant said, "This is not a guidelines sentence." One cannot determine whether the intent of that statement was: (1) that it is not a guidelines sentence because (as Lucas says his attorney erroneously advised him) the defendant had no right to elect to be sentenced under the guidelines or (2) that it is not a guidelines sentence because the defendant decided to forego an election to be sentenced under the guidelines in favor of the negotiated sentence. Further, the trial judge's reading to the defendant of paragraph one of the form (as noted above) cannot be regarded as remedying the plea deficiency in this case.[1]
We conclude that the allegations of the defendant's 3.850 motion may entitle the defendant to relief from his guilty plea and sentence. The portions of the record attached to the trial court's order do not, for the reasons noted above, refute the defendant's allegations. We hasten to add that we do not now hold that the defendant is entitled to have his judgment, sentence and guilty plea set aside. The defendant is entitled, at this point, only to an evidentiary hearing. For all we know, the defendant's allegations regarding the advice he received from his attorney as to his entitlement to be sentenced under the guidelines may not be true. The evidentiary hearing will afford the opportunity to explore this and any other relevant questions under the criteria enunciated in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[2]
With respect to the other grounds raised by the defendant in his motion, we find that the trial court did not err in denying the same without hearing.
Affirmed in part and Reversed in part and Remanded for further proceedings consistent with this opinion.
SHIVERS and WENTWORTH, JJ. concur.
NOTES
[1] We note that, in reading to the defendant paragraph one of the form which the defendant had signed, the court did not read the latter portion verbatim, an occurrence which itself introduces further ambiguity or confusion.
[2] The criteria established in Strickland do not differ significantly with those set forth by the Florida Supreme Court in Knight v. State, 394 So.2d 997 (Fla. 1981). See Adams v. State, 456 So.2d 888, 891 (Fla. 1984); Downs v. State, 453 So.2d 1102 (Fla. 1984).