525 So.2d 454 (1988)
STATE of Florida, Appellant,
v.
Charlie BROWN, Jr., Appellee.
No. 87-563.
District Court of Appeal of Florida, First District.
May 6, 1988.
Rehearing Denied June 13, 1988.
Robert A. Butterworth, Atty. Gen., and William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellant.
Neal L. Betancourt, Jacksonville, for appellee.
WIGGINTON, Judge.
Below, Charlie Brown filed a pro se "Motion To Withdraw Guilty Plea" alleging ineffective assistance of counsel on the ground that he was not advised that he was entitled to be sentenced under the sentencing guidelines and to make an affirmative election to that extent when he entered his guilty pleas. Following a response to the motion by the State and a reply to the response by Brown, a hearing was held on the motion during which Brown and his trial counsel testified. In its "Order Granting Motion to Withdraw Guilty Plea," the trial court, treating the motion as one seeking post-conviction relief, found that Brown had not been apprised by his counsel of his right to elect guidelines sentencing. Although recognizing the standard generally to be applied in judging the effectiveness of counsel as set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court nonetheless concluded "that failure of the defense counsel to advise defendant of his right to be sentenced under the guidelines constitutes ineffective counsel per se and it is not necessary for defendant to prove the criteria of Strickland and Knight." Accordingly, the trial court ordered that appellant's judgments and sentences be set aside. We affirm.
The record supports the trial court's finding that Brown was not informed by his counsel of the right to elect a guidelines sentence. As the record shows that Brown was never apprised of this option by his attorney or anyone else and therefore could not have knowingly and voluntarily entered his pleas, we conclude that this constitutes per se ineffective assistance of counsel and that the Strickland analysis is unnecessary.[1] As the sentences were predicated *455 upon the judgments, which were in turn predicated upon the pleas in conformance with the plea bargain, we affirm the trial court's vacating the judgment and sentence and remand this cause for further proceedings whereby Brown may withdraw his guilty pleas.
ERVIN and THOMPSON, JJ., concur.
NOTES
[1] Compare Lucas v. State, 461 So.2d 260 (Fla. 1st DCA 1984), wherein this Court was presented the issue whether trial counsel's failure to inform the defendant of his right to elect guidelines sentencing was ineffective assistance of counsel. Since it was unclear in the record whether or not the defendant had in fact not been apprised of his right to elect guidelines sentencing, the cause was reversed and remanded for an evidentiary hearing to afford the opportunity to explore this question under the criteria enunciated in Strickland. Consequently, it remains to be seen whether a per se rule would apply to that case.