BLUE, Judge.
Terry Robert Walker appeals the denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse because the evidence presented at the evidentiary hearing did not conclusively refute Walker’s allegations of ineffective assistance of counsel.
In his motion, Walker raised seven grounds and sought to withdraw his plea. Three grounds alleged ineffective assistance of counsel based on the assertion that Walker was not advised of two minimum mandatory sentences until after he entered his negotiated plea and was sentenced. The trial court conducted an evidentiary hearing and denied Walker’s motion.
For several reasons, we conclude that the record, including the evidence and testimony from the hearing, does not refute Walker’s claim. Walker’s original sentence did not include the two minimum mandatory terms. At a second sentencing hearing, the court imposed these provisions. Walker testified that he was not informed of the minimum mandatory sentences until after he entered his plea and was sentenced. Moreover, Walker’s attorney could not recall telling his client about the minimum mandatory sentences and explained that he was more concerned at the time about another charge. That charge and two others were subsequently nolle prossed as part of the plea agreement. Finally, the signed plea form does not mention any minimum mandatory sentences and the record does not contain a transcript of the plea colloquy. Apparently, the trial court did not have the transcript at the evidentiary hearing. On the other hand, the only evidence to indicate Walker was informed prior to entering his plea was a letter from Walker’s attorney that refers to a minimum mandatory sentence. This letter is not conclusive, however, because it was not addressed to Walker, it was dated after Walker entered his plea, and it was factually incorrect in other respects.
Defense counsel must inform a defendant of “all pertinent matters bearing on the choice of which plea to enter ... and the likely results.” Fla.R.Crim.P. 3.171(c)(2)(B). This includes any mandatory minimum penalties. Norris v. State, 343 So.2d 964 (Fla. 1st DCA 1977). Thus, his attorney’s failure to advise Walker of the minimum mandatory penalties constitutes ineffective assistance of counsel.
A transcript of the plea hearing may refute Walker’s claim that he was not informed of the minimum mandatory sentences. If so, on remand the trial court may deny the motion again, attaching the applicable portion of the plea hearing. In the absence of this transcript, the trial court must give Walker an opportunity to withdraw his plea. See Norris, 343 So.2d at 964. If the plea is withdrawn, Walker will be subject to all of the original charges, including the three charges that the state nolle prossed as part of the plea agreement. See Geiger v. State, 532 So.2d 1298 (Fla. 2d DCA 1988).
We find no. merit in Walker’s remaining points. Accordingly, we reverse and remand for further proceedings.
HALL, A.C.J., and PARKER, J., concur.