KELLY, Judge.
Maurice Carswell appeals the order summarily denying his timely motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Carswell raises six grounds of ineffective assistance of counsel in his motion, only one of which has merit.
In February 2000, Carswell pleaded no contest to second-degree murder and was sentenced to a guidelines sentence of twenty-one years’ incarceration. In his motion, Carswell alleges that his counsel was ineffective for failing to advise him that based upon his age on the date of the offense and at sentencing, he was eligible to be classified as a youthful offender. He contends that a presentence investigation was never completed and that had his attorney advised him of his eligibility to be sentenced under the Youthful Offender Act, he would never have entered a plea. In denying this ground, the trial court found that Carswell failed to demonstrate prejudice. The court stated:
Defendant entered a plea to a negotiated disposition of twenty-one years in the Department of Corrections, which is fifteen years more than the six years of incarceration allowed under the youthful offender statute. Defendant cannot say that the outcome of this case would have likely been different, but for counsel’s alleged omission. This claim is denied.
“Defense counsel must inform a defendant of ‘all pertinent matters bearing on the choice of which plea to enter ... and the likely results.’ Fla. R.Crim. P. 3.171(c)(2)(B).” Walker v. State, 642 So.2d 56, 57 (Fla. 2d DCA 1994). We cannot conclude from this record whether Cars-well’s allegations regarding his attorney’s failure to advise him that he was eligible for sentencing as a youthful offender are true. However, we believe this claim is facially sufficient entitling him to an evi-dentiary hearing. See Sanders v. State, 432 So.2d 752 (Fla. 2d DCA 1983); State v. Brown, 525 So.2d 454 (Fla. 1st DCA 1988); *264 Lucas v. State, 461 So.2d 260 (Fla. 1st DCA 1984).
We affirm the trial court’s summary denial of the other claims raised by Carswell in his motion without discussion.
Affirmed in part; reversed in part; remanded for an evidentiary hearing.
FULMER and DAVIS, JJ., Concur.