COVINGTON, Judge.
Brad Montgomery appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the order of the trial court and remand for an evidentiary hearing.
In June 2001, Montgomery pleaded no contest to aggravated manslaughter of a child and was sentenced pursuant to a negotiated plea to twenty-two years in prison, with the last two years suspended, to be followed by 100 hours of community service. In his motion, Montgomery alleges that his plea was involuntary because his counsel erroneously informed him that he was not eligible to be classified as a youthful offender. He contends that he would not have entered a plea if he had known that he qualified as a youthful offender.
In order to adequately refute a claim like this from the record, the discussion with the court during the plea colloquy must explore the specific issue upon which the defendant asserts he was misadvised. Johnson v. State, 736 So.2d 713, 714 (Fla. 2d DCA 1999). The issue of Montgomery’s eligibility to be sentenced as a youthful offender was never discussed. Therefore, his claim is not refuted by the record.
“Defense counsel must inform a defendant of ‘all pertinent matters bearing on the choice of which plea to enter ... and the likely results.’ Fla. R.Crim. P. 3.171(c)(2)(B).” Carswell v. State, 845 So.2d 263, 263 (Fla. 2d DCA 2003) (citing Walker v. State, 642 So.2d 56, 57 (Fla. 2d DCA 1994)). We cannot conclude from this record whether Montgomery’s allegations regarding his attorney’s failure to advise him that he was eligible for sentencing as a youthful offender are true. However, we believe this claim is facially sufficient to entitle him to an evidentiary hearing. See Sanders v. State, 432 So.2d 752 (Fla. 2d DCA 1983).
Reversed and remanded.
FULMER and SILBERMAN, JJ., concur.