PER CURIAM.
Emmanuel Lara appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Lara pleaded no contest to one count of aggravated battery and nine counts of cruelty to animals. Subsequently, he filed a motion for postconviction relief alleging six grounds. We affirm the trial court’s summary denial of grounds two, three, four, and six; we reverse its denial of grounds one and five.
In ground one, Lara complains about his trial counsel’s failure to file a motion to suppress. Although the trial court was correct that ground one was facially insufficient, it should have allowed Lara to amend under Spera v. State, 971 So.2d 754, 755 (Fla.2007). Additionally, the issue is not, as the trial court concluded, whether the filing of a motion to suppress in the instant case would have “changed the outcome of the proceedings.” Rather, the issue is whether Lara would have elected to forego the entry of his plea, and instead proceed to trial. See Cordes v. State, 842 So.2d 874, 875 (Fla. 2d DCA 2003) (holding that where defendant seeks to withdraw his plea based on ineffective assistance of counsel, the prejudice prong of the Strickland test is satisfied by demonstrating “that there is a reasonable probability that, but for counsel’s errors [the defendant] would not have pleaded guilty and would have insisted on going to trial.’’ (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985))). But for the admissions Lara made to the police, the case would have come down to a credibility issue involving Lara and the victim. Under these circumstances, assuming the motion to suppress was granted, it would be reasonable to conclude that Lara might have been more willing to go to trial in the hope that he could show that his testimony was more credible than the victim’s.
The State concedes error in the summary denial of ground five. See Moreland v. State, 945 So.2d 606, 606-07 (Fla. 4th DCA 2006); Montgomery v. State, 869 So.2d 27, 28 (Fla. 2d DCA 2004); Carswell v. State, 845 So.2d 263, 263 (Fla. 2d DCA 2003).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
COHEN, BERGER, and WALLIS, JJ., concur.