PER CURIAM.
In ground two of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, Bobby Graham alleged that he would not have entered an open plea to five counts, including two third-degree felony charges, but for being assured that an expert witness was going to interview him and testify in mitigation at his sentencing. Because the lower court never addressed the relevant issue in denying relief as to ground two, we reverse and remand for further proceedings.
Mr. Graham’s trial counsel advised the court at his plea hearing that the defense would be seeking a downward departure from appellant’s lowest permissible prison sentence of about 33 months based on the testimony of a mitigation witness, Ms. Joanna Johnson. Counsel stated:
And, Judge, if we could, what we would like to do is plead straight up and then I know I want to do a mitigation type presentation, so if we could set [sentencing] on a day that we have free in two'weeks because I want to try to get involved Joanna Johnson - and get some other witnesses in on his behalf for mitigation to see if we could go even below the guidelines.
Later, during the plea colloquy, the trial court asked appellant whether he understood that a separate sentencing hearing was going to be held where his counsel would present mitigation:
[COURT]: Okay. Now, your counsel has indicated to the Court that he is going to argue some mitigation before the Court and to argue that there are some reasons for the Court to go below those sentencing guidelines. Do you understand that?
[APPELLANT]: Yes, sir.
[COURT]: And that we are going to hold that hearing ... and the Court will hear testimony at that time and make a determination as to whether or not the Court will go below the sentencing guidelines. Do you understand?
[APPELLANT]: Yes, sir.
[COURT]: All right. Now, with that complete understanding, is this plea agreement, "is this something that you want to go forth with today?
[APPELLANT]: Yes, sir.
But Ms. Johnson never interviewed appellant, and she did not testify at his sentencing hearing. He was sentenced to five years’ imprisonment on the felony counts. Although trial counsel would later testify that he could not explain why Ms. Johnson *619 failed to interview appellant, counsel did admit, “It did not get done,” and that it was “something that should have been done.”
After holding an evidentiary hearing on appellant’s motion for post-conviction relief, the lower court denied the motion, essentially finding that Ms. Johnson’s testimony at sentencing would not have made a difference in the outcome, that is, appellant’s sentence. This was not the issue before the court. See Lara v. State, 170 So.3d 133, 134 (Fla. 5th DCA 2015) (“[T]he issue is not, as the trial court concluded, whether [competent performance by counsel] would have ‘changed the outcome of the proceedings.’ Rather, the issue is whether [the defendant] would have elected to forego the entry of his plea, and instead proceed to trial.”); see also Cordes v. State, 842 So.2d 874, 875 (Fla. 2d DCA 2003) (providing that the Strickland test “applies to requests to withdraw pleas based upon allegations of ineffective assistance of counsel” but that “in such cases, the ‘prejudice prong1 of Strickland is satisfied by proof ‘that there is a reasonable probability that, but for counsel’s errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.’” (citation omitted)). Accordingly, we reverse and remand for consideration of the relevant issue, which, as correctly identified by post-conviction counsel, is “whether Mr. Graham would have entered the plea but for his belief that Ms. Johnson was going to interview him and testify [in] mitigation.”
Reversed and remanded.
ROBERTS, C.J. and BENTON, J„ concur.
LEWIS, J., dissents without opinion.