PER CURIAM.
Eric Michael Redden appeals the summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse.
Redden's claim below was simple. He alleged that he was eighteen years old at the time of the crime. He pled no contest and was sentenced to twelve years in prison. His counsel knew his age, but failed to tell him about the possibility of a youthful offender disposition under section 958.04, Florida Statutes (2018). If counsel had advised him of that possibility, Redden alleged that he would have negotiated for a youthful offender sentence. This type of claim can warrant an evidentiary hearing. See, e.g., Carswell v. State, 845 So.2d 263, 263 (Fla. 2d DCA 2003) (reversing for evidentiary hearing on claim that counsel failed to advise defendant of eligibility for sentencing under Youthful Offender Act).
The postconviction court denied relief, concluding that the sentencing court made it clear that it would not impose a youthful offender sentence due to the nature of the charges. See Gordon v. State, 863 So.2d 1215, 1223 (Fla. 2003) (explaining counsel cannot be deemed to be ineffective for failing to raise claim that would have been futile). However, the court attached no records to its order to support that conclusion. Rule 3.850(f)(5) instructs that "[i]f the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order."
As a result, we reverse and remand for an evidentiary hearing or for the attachment of records supporting the denial. See Fla. R. App. P. 9.141(b)(2)(D).
REVERSED and REMANDED.
ORFINGER, LAMBERT and EDWARDS, JJ., concur.