PER CURIAM.
Neil J. Barba appeals both the order revoking his probation and his sentence of seven years in prison followed by eight years’ probation. We affirm the order of revocation. Because appellant’s sentence represents a departure of greater than a one-cell bump-up for a violation of probation, we must reverse and remand for re-sentencing within the guidelines.
*555 Appellant had pleaded guilty to fondling and handling a child under the age of sixteen, and had received a sentence of four and one-half years in prison followed by ten and one-half years’ probation. The offense was committed on June 26, 1988. While serving his probation, appellant violated his probation by initiating contact with a minor. The trial court’s sole reason for departure from the next higher cell’s range of four and one-half to five and one-half years’ incarceration was appellant’s continuation of similar conduct after being on probation for a short period of time after his prison sentence. This reason is invalid. Neither factors relating to the violation of probation itself nor the fact that the conduct occurred soon after the release from incarceration constitute a valid reason for departure. See Lambert v. State, 545 So.2d 838 (Fla.1989); cf Barfield v. State, 594 So.2d 259 (Fla.1992) (temporal proximity of crimes alone does not provide valid reason for departure). Accordingly, we reverse the sentence and remand for resen-tencing within the guidelines.
Affirmed in part; reversed in part; and remanded for resentencing.
SCHOONOVER, C.J., and HALL and ALTENBERND, JJ., concur.