PER CURIAM.
Appellant challenges his sentence as an improper departure from the sentencing guidelines. We affirm.
The trial court in its order wrote “continuing course of conduct” as its reason for departure. This reason has been held invalid without the additional factor of escalation in criminal activity. See Barfield v. State, 594 So.2d 259 (Fla.1992); Smith v. State, 579 So.2d 75 (Fla.1991). In pronouncing the sentence, however, it is apparent from the transcript that the judge was departing based on an escalating course or pattern of criminal activity. This intention is articulated in the judge's factual findings that the seriousness of the degree of prior crimes committed by the appellant ranged from drug misdemeanors to the third degree felony of possession of cocaine, while the current offense for which appellant was being sentenced was the second degree felony of sale of cocaine.
An escalating pattern of criminal activity demonstrating a pattern of “increasingly serious criminal activity” constitutes a valid reason for departure. See Barfield v. State, 594 So.2d 259 (Fla.1992). “Increasingly serious criminal activity” is demonstrated by an increase in the degree of crime for the current charges when compared to the previous offenses committed. The second degree felony for which the appellant was being sentenced evidences an increase in the degree of crime when compared with the appellant’s previous offenses of misdemeanors and a third degree felony. While we recognize that the trial judge did not write the precise term “escalating pattern of criminal conduct”, we think the written description of the departure reason as “continuing course of conduct”, considered together with the trial judge’s recitation of appellant’s pattern of escalating crimes, equates with that term under the particular circumstances of this case and does not warrant our reversal. See Taylor v. State, 601 So.2d 540, (Fla.1992). Accordingly, we affirm the convictions and sentence.
Affirmed.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.