HALL, Acting Chief Judge.
Shaw contends the written reasons for his departure sentence are invalid. He also contends he has been illegally forced to pay his debt to society intermittently and that he is entitled to credit for time he spent on detainer for another offense. Though we find no merit in Shaw’s last two contentions, we agree that the written reasons for his departure sentence are invalid.
In February 1988, Shaw pled guilty to charges of burglary of a structure and possession of burglary tools. At that time, he was placed on two years’ community control. Upon violation thereof, Shaw’s community control was revoked. Shaw was thus placed on probation for two years. After later pleading guilty to violating his probation, Shaw’s probation was revoked. Upon revocation of probation, the trial court departed from the guidelines and sentenced Shaw to consecutive five-year terms of imprisonment for each of his original offenses. The departure sentence was based on the following written reasons: (1) excessive probation violations; (2) commission of new burglary offenses; (3) numerous unscored prior felonies; and (4) an escalating pattern of criminal activity.
Pursuant to Williams v. State, 594 So.2d 273 (Fla.1992), excessive probation violations cannot be used as a valid reason for departure. The court may, however, bump Shaw’s sentence one cell for each violation of community control or probation. Williams. Thus, the maximum sentence the trial court could have imposed upon Shaw under the guidelines was three years’ imprisonment. Therefore, because the court utilized an invalid reason for departure in entering a five-year sentence and the sentence exceeded that allowed under Williams, we must look to the validity of the other three reasons utilized by the trial judge.
As to the second and third reasons for Shaw’s departure sentence, i.e., new offenses committed while on probation and unscored prior felonies,[1] we conclude that these reasons are invalid. Both reasons relate to Shaw’s commission of four burglaries in another county after being placed on probation for the original charges. Because both reasons for departure relate to the grounds for Shaw’s violation of probation, they are not valid reasons for departure beyond the permissible bumps. See Ree v. State, 565 So.2d 1329 (Fla.1990), modified on other grounds by State v. Lyles, 576 So.2d 706 (Fla.1991).
As to the fourth reason for Shaw’s departure sentence, a departure sentence based on prior felonies is permissible if the instant offenses represent an escalating pattern of criminal activity. An escalating pattern of criminal activity is defined as “increasingly serious criminal activity.” See Barfield v. State, 594 So.2d 259 (Fla.1992); Lippman v. State, 602 So.2d 647 (Fla. 2d DCA 1992). Increasingly serious criminal activity is demonstrated by an increase in the degree of crime for the current charges when compared to the previous offenses committed. Lippman at 648. There is nothing in this record demonstrating that the instant offenses are an increase in the degree of crime when compared to Shaw’s previous offenses. For that reason, we find that an escalating pattern of criminal activity as a reason for departure is unsupported and therefore invalid.
Since none of the reasons for departure is valid, we must reverse Shaw’s sentence and remand for resentencing consistent *211 with this opinion. We find no merit to the other points raised by Shaw and affirm the judgment in all other respects.
PARKER and BLUE, JJ., concur.

. Although the trial court used the term “prior felonies,” Shaw allegedly committed these felonies in 1990, which was subsequent to the original crimes which Shaw committed in 1988.
The felonies could not be scored because the trial court was required to use the original scoresheet for the violation of probation.