LAZZARA, Judge.
Fred Tesney appeals the trial court’s sentencing departure order following revocation of his probation, as well as the failure to award him proper credit for time previously served in prison. We conclude that the trial court’s reasons for departure were invalid and that the record does not reflect a proper award of jail credit. Accordingly, we reverse and remand for further proceedings.
Tesney was convicted by a jury of multiple counts of grand and petit theft in which the victim of his offenses was an elderly woman. The recommended guidelines sentencing range was any non state prison sanction with a permitted range of up to twenty-two months in prison. The original trial court sentenced Tesney to twenty-two months on one count followed by consecutive probationary terms on the other counts.
*223 Tesney admitted violating his probation by committing a similar crime in another county after his release from incarceration. The maximum sentence called for under the guidelines with a one-cell increase was three and one-half years. The trial court, however, elected to impose a departure sentence of two consecutive five-year terms of imprisonment followed by consecutive probationary terms. The departure sentence was based on the following written reasons: (1) blatant disregard for the orders of the court; (2) continued exploitation of the elderly and infirm; (3) conviction of the same type of offense for which he was on probation; and (4) inability to score the new offenses on the sentencing guidelines seoresheet.
All four reasons clearly relate to the basis for Tesney’s violation of probation and are thus invalid. Shaw v. State, 615 So.2d 209 (Fla. 2d DCA 1993). See also Barba v. State, 600 So.2d 554, 555 (Fla. 2d DCA 1992) (“Neither factors relating to the violation of probation itself nor the fact that the conduct occurred soon after the release from incarceration constitute a valid reason for departure.”). Additionally, the first reason, which conveys the general concept of disrespect for the law, does not justify a departure sentence. See Brown v. State, 569 So.2d 1223 (Fla.1990). Accordingly, we must reverse the departure sentence and remand for re-sentencing within the guidelines.
We also conclude that the record fails to reflect that the trial court awarded Tesney proper credit for the time he served on his original twenty-two month prison sentence. Because Tesney committed his offenses before October 1, 1989, he is entitled to receive credit for the time he actually served plus incentive gain time. Tripp v. State, 622 So.2d 941, 942 n. 2 (Fla.1993); Green v. State, 547 So.2d 925 (Fla.1989). On remand, we direct the trial court to make a proper award of credit for time served.
Reversed and remanded for resentencing with directions.
RYDER, A.C.J., and BLUE, J., concur.