842 So.2d 874 (2003)
Michael A. CORDES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3369.
District Court of Appeal of Florida, Second District.
January 22, 2003.
James Marion Moorman, Public Defender, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Michael Cordes appeals an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which was entered after an evidentiary hearing. The motion alleged that counsel was ineffective in advising Mr. Cordes to enter a plea of no contest to five felony charges.[1] We conclude that the appeal is timely and that we have jurisdiction. We reverse because Mr. Cordes established that his counsel was ineffective in advising him to enter the plea and this advice prejudiced Mr. Cordes.
Mr. Cordes was charged by an information filed on February 13, 1998, with six offenses. The counts alleged the following crimes occurred on the specified dates: count 1, driving while license suspended on October 24, 1997; count 2, felony unauthorized possession of a driver's license on October 24, 1997; count 3, forgery of a driver's license form on July 7, 1992; count 4, forgery of a driver's license form on April 24, 1990; count 5, false statement in application for a driver's license on July 7, 1992; and count 6, false statement in application for a driver's license on April *875 24, 1990. Although the first count was a misdemeanor, counts 2 through 6 were charged as felony offenses. On June 3, 1998, relying on his counsel's advice, Mr. Cordes entered an open plea of no contest to all of the charges.
Thereafter, Mr. Cordes filed a timely motion for postconviction relief, alleging that his counsel was ineffective for failing to investigate and advise him of the defense of statute of limitations for four of the felony charges. At an evidentiary hearing on this claim, it was undisputed that the statute of limitations would have barred Mr. Cordes' convictions for counts 4 and 6. See § 775.15(2)(b), Fla. Stat. (1989) (requiring prosecution for second and third-degree felonies to commence within three years). As to counts 3 and 5, there was dispute as to whether the statute of limitations may have been extended by section 775.15(3)(a), Florida Statutes (1989), which allows the statute of limitations to be extended to as much as six years when fraud is a material element of the offense. However, section 775.15(3)(a) only permits the limitations period to extend to one year after the discovery of the offense by the "aggrieved party," and it was unclear when these offenses were "discovered."
In addition, during this hearing the State discovered that count 2, which had been charged as a felony, was properly a misdemeanor charge given the type of violation that had occurred. On its own initiative, the State agreed to have the court vacate the conviction on count 2, and the State then dismissed this charge. Therefore, this count is no longer at issue and Mr. Cordes faces only the four potential felony convictions at issue in his motion for postconviction relief.
At the conclusion of the evidentiary hearing, the trial court denied Mr. Cordes' motion for postconviction relief. The trial court held that the issues were waived when Mr. Cordes entered his plea.
Mr. Cordes did not waive his claim for ineffective assistance of counsel when he entered his plea. See Jenrette v. State, 761 So.2d 414 (Fla. 2d DCA 2000) (citing Williams v. State, 717 So.2d 1066 (Fla. 2d DCA 1998)). Moreover, Mr. Cordes established his counsel was ineffective for failing to investigate or pursue a defense of statute of limitations prior to advising Mr. Cordes to enter a plea of no contest to these four charges.
To prove a claim for ineffective assistance of counsel, a defendant must establish both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-part test established by Strickland applies to requests to withdraw pleas based upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). However, in such cases, the "prejudice prong" of Strickland is satisfied by proof "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59, 106 S.Ct. 366 (footnote omitted). It is not necessary to prove that an absolute defense existed to the charge. Mason v. State, 742 So.2d 370 (Fla. 1st DCA 1999). The existence of an absolute defense, however, would lend credence to a claim that the defendant would not have entered a plea but for his counsel's deficient advice.
Mr. Cordes established that his counsel was ineffective for failing to investigate the statute of limitations for his crimes. The face of the information revealed that the statute of limitations absolutely barred at least two of the charges, and may have barred four. Mr. Cordes also established *876 that he would not have entered a plea of no contest to all of the felony charges had his counsel investigated this defense and informed him of it. We therefore reverse the order denying postconviction relief. On remand, Mr. Cordes' felony convictions shall be set aside and he may seek to dismiss the charges that are barred by the statute of limitations.
Because it is not clear whether counts 3 and 5 are barred by the statute of limitations, on remand the State may be able to proceed on those charges. In this appeal, Mr. Cordes has argued that the trial court erred in departing from the 1992 sentencing scoresheet based upon a subsequent escape conviction. See Lambert v. State, 545 So.2d 838 (Fla.1989); Tesney v. State, 647 So.2d 222 (Fla. 2d DCA 1994); Shaw v. State, 615 So.2d 209 (Fla. 2d DCA 1993). The only case cited by the State to support such a result, Jones v. State, 571 So.2d 56 (Fla. 2d DCA 1990), appears distinguishable because it involved a violation of probation by committing the new "unscoreable" offense of murder. If Mr. Cordes is convicted of any charges on remand, the trial court must review the appropriate sentencing scheme in place on the date of Mr. Cordes' offenses in light of these arguments.
Reversed and remanded for proceedings consistent with this opinion.
NORTHCUTT and DAVIS, JJ., Concur.
NOTES
[1] In his postconviction motion, Mr. Cordes did not challenge his conviction for count 1, misdemeanor driving while license suspended.