911 So.2d 162 (2005)
Javarus MORGAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1148.
District Court of Appeal of Florida, Third District.
July 27, 2005.
Rehearing Denied October 7, 2005.
Javarus Morgan, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
*163 ROTHENBERG, Judge.
The defendant appeals the trial court's denial of his Motion for Post Conviction Relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
The defendant alleges that his trial attorney provided ineffective assistance of counsel by (1) failing to move to suppress his out-of-court statement; (2) misadvising him of the evidence against him and the penalties he was facing; and (3) disclosing the contents of an ex parte psychological examination finding him competent, to the Assistant State Attorney.
We conclude that the defendant's first claim is without merit as the record reflects that his attorney did file a motion to suppress his statement and a memorandum of law in support of the motion on December 20, 2002. The defendant, however, entered into a negotiated plea with the State wherein he agreed to plead guilty to the charges in exchange for a thirty-year sentence, with the applicable minimum mandatories followed by ten years of probation.[1]
The defendant further alleges that his attorney misadvised him of the evidence against him and of the penalties he was facing. Specifically, he claims that his attorney "misadvised him of the DNA evidence and the fingerprints." The trial court properly denied this claim as the defendant's failure to specify what "misadvice" he received was insufficient as a matter of law. Gutierrez v. State, 860 So.2d 1043, 1044 (Fla. 5th DCA 2003)("A defendant is only entitled to an evidentiary hearing when he or she alleges specific facts which are not conclusively rebutted by the record, and, which demonstrate a deficiency in performance which prejudiced the defense. Mere conclusory allegations are insufficient.").
The record unequivocally refutes the defendant's claim of misadvice as to the penalties he was facing. The defendant's complaint is that he was not informed of the possible application of the Jimmy Ryce Act upon his release. The plea transcript reflects the following colloquy by the court:
THE COURT: Mr. Morgan, you are however, on Count 1 charged with Armed Sexual Battery, a First Degree felony punishable by life in state prison; Count 2, Armed Robbery with a Firearm a First Degree felony punishable by life in state prison; Count 3, Sexual Battery While Armed punishable by life; kidnapping With a Weapon punishable by life; Burglary with Assault and Battery While Armed; Count 6, Sexual Battery, Attempted Sexual Battery While Armed punishable by life. Each of those offenses carry a 10 year minimum mandatory, that would be six life sentences if sentenced consecutively, 60 years in state prison consecutively; and that's the charges you are facing on this case.
Now have you had time over the last month[ ] to speak to Ms. Shearn about the sentence I'm imposing on your case of 30 years with a 20 year minimum mandatory?
MR. MORGAN: Yes.
THE COURT: And you do understand that part of the plea she has been able to firm up with the State on your behalf is if you were released from state prison at the end of the 30 years, then *164 you would be on probation for 10 years required to complete a mentally disorder[ed] sexual predator [sic] treatment and comply; and you understand that would be part of [the] sentence in your case?
MR. MORGAN: Yes.
. . .
THE COURT: Now you heard me mention that when you are released you will be on 10 year reporting probation, required to enter and successfully complete a mental disorder sexual program [as] part of your probation and you may be subject to the sexual predator designation, the common term folks use is the Jimmy Ryce Act, which means at the end of your sentence you may be subject to the Jimmy Ryce Act; you are aware of that?
MR. MORGAN: Yes.
While the record disputes the defendant's claim that he was not informed of the possibility that the Jimmy Ryce Act could be applied to him, even if counsel had failed to do so, the defendant would not be entitled to relief. Defense counsel is not required to inform a client about the collateral consequences of his plea, Wilson v. State, 868 So.2d 654, 655 (Fla. 2d DCA 2004), and the application of the Jimmy Ryce Act is a collateral consequence of a plea. Watrous v. State, 793 So.2d 6, 11 (Fla. 2d DCA 2001).
The defendant's final argument is that his trial attorney provided ineffective assistance of counsel by revealing the contents of an ex parte psychological evaluation in which he was found competent. The defendant claims that this report was privileged but does not allege nor suggest how he was prejudiced by this disclosure. While the defendant claims that his lawyer initially told him that she "would use the sanity defense to get him off the charges," the trial court found this assertion either incredible or of no consequence as Dr. Haber found that the defendant did not suffer from any major mental illness and was competent. Clearly, the defendant's attorney could not have filed a notice to rely upon a defense of insanity, nor have requested a competency hearing without possessing a good faith basis for doing so. The defendant argues, instead, that had his lawyer informed Dr. Haber that the defendant wanted to rely upon an insanity defense, Dr. Haber would have found the defendant incompetent to proceed. The defendant's argument that his attorney provided ineffective assistance of counsel because she did not assist him in attempting to improperly influence an expert witness or in perpetrating a fraud on the court, will not be dignified by consideration or a response by this court. We feel compelled, however, to remind the defendant, that while his appointed counsel was charged with the responsibility of zealous advocacy on his behalf, his lawyer had and has an equal responsibility as an officer of the court and is strictly prohibited from permitting any witness, including a criminal defendant, to offer any evidence the lawyer knows to be false or to induce a witness to provide favorable evidence.
Affirmed.
NOTES
[1] The defendant was facing a sentence of life for armed sexual battery in Count I, life for armed robbery in Count II, life for armed sexual battery in Count III, life for armed kidnapping in Count IV, life for armed burglary with an assault in Count V, and life for an attempted armed sexual battery in Count VI, with each count carrying a ten-year minimum mandatory sentence.