913 So.2d 76 (2005)
Mario Jack DELAROSA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2536.
District Court of Appeal of Florida, Third District.
October 12, 2005.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Maria T. Armas, Assistant Attorney General, for appellee.
*77 Before COPE, C.J., and WELLS, and CORTIÑAS, JJ.
WELLS, Judge.
Mario Jack Delarosa appeals from an order following an evidentiary hearing, denying a Florida Rule of Criminal Procedure 3.850 motion in which he claimed: (1) that he was not advised that his sentence was subject to enhancement as a violent career criminal or as a habitual offender; (2) that his attorney mis-advised him that he was to receive seven years' credit for time served; and (3) that he was not advised that as a consequence of pleading guilty he would not be able to see his minor son. We affirm.
Delarosa's trial attorney testified that sentence enhancements and their effect on Delarosa's sentence were discussed with Delarosa prior to his plea. The attorney further testified that he did not advise Delarosa that he would receive seven years' credit for time served as Delarosa claimed. This testimony is corroborated by the plea colloquy which affirmatively demonstrates that Delarosa knew about and understood applicable enhancements and that no seven year time served credit was offered, discussed, or agreed upon. We therefore affirm on these claims. See Nixon v. State, 857 So.2d 172, 175 n. 7 (Fla.2003), reversed on other grounds, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004)(confirming that on review of an order denying a 3.850 motion after evidentiary hearing, appellate courts must defer to the trial court's factual findings if supported by competent, substantial evidence).
We also reject Delarosa's claim that his plea must be vacated because he was not advised of the ramifications of pleading guilty to unlawful sex with a minor with regard to either application of the sexual offender/sexual predator acts or limitations imposed on visitation with minors by the Department of Corrections. Designation as a sexual offender or predator is a collateral, not a direct, consequence of a guilty plea about which Delarosa did not have to be advised. State v. Partlow, 840 So.2d 1040, 1043 (Fla.2003)(holding that the sexual offender registration requirement is a collateral consequence of a plea to a sexual offense because the registration requirement has absolutely no effect on the range of the defendant's punishment for the crime); Gunn v. State, 841 So.2d 629, 631 (Fla. 2d DCA 2003)(confirming that designation as either a sexual offender or predator is a collateral consequence about which a defendant does not have to be advised at the time of a plea). Thus, failure to warn Delarosa about application of these acts does not render his plea involuntary.
Failure to warn Delarosa that the rules of the Department of Corrections regarding visitation may preclude him from visiting with his son also does not make his plea involuntary. See § 944.09(1)(n), Fla. Stat. (2004)(precluding visitation, absent special authorization, between minors and those convicted of enumerated sex crimes with a child under the age of sixteen). A trial court has a duty to ensure that a defendant understands the direct consequences of a plea, consequences that are definite, immediate and have a largely automatic effect on the range of a defendant's punishment:
[A] judge is required to inform a defendant only of the direct consequences of his [or her] plea and is under no duty to apprise him [or her] of any collateral consequences. A direct consequence is one that has a `definite, immediate, and largely automatic effect on the range of the defendant's punishment.'
Major v. State, 814 So.2d 424, 431 (Fla. 2002) (citation omitted).
*78 The rules of the Department of Corrections regarding visitation have no effect on the range of Delarosa's punishment. Thus the failure to warn Delarosa of the consequences of these rules, like the failure to warn of the application of the sexual offender and predator acts, does not render his plea involuntary.
The order denying Delarosa's 3.850 motion is therefore affirmed.