943 So.2d 899 (2006)
Thomas BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2708.
District Court of Appeal of Florida, Fifth District.
December 1, 2006.
*900 Thomas B. Brown, Orange Springs, pro se.
No Appearance for Appellee.
PALMER, J.
Thomas Brown (defendant) appeals the trial court's order summarily denying his rule 3.850 motion for postconviction relief.[1] Determining that ground five of the defendant's motion states a prima facie case of ineffective assistance of counsel, we reverse and remand for a hearing on that ground.
The defendant pled guilty to one count of attempted sexual battery upon a child less than twelve years of age. He was sentenced to time-served, followed by ten years of sex offender probation. No direct appeal was taken.
The defendant was subsequently found guilty of violating his probation and his probation was revoked. He was then sentenced to a term of sixty-three months' incarceration. The defendant appealed, and we affirmed. See Brown v. State, 911 So.2d 187 (Fla. 5th DCA 2005).
The defendant then filed the instant rule 3.850 motion asserting nine claims for postconviction relief. Of importance to this appeal is ground five of the defendant's motion which alleged that defense counsel rendered ineffective assistance of counsel by misadvising the defendant concerning the conditions of his plea agreement.
Specifically, the motion explained that the defendant entered an Alford plea[2] which permitted him to plead guilty while at the same time maintaining his innocence. In fact, the motion states that the defendant refused a plea offer which would have resulted in a sentence of only five years of probation because that plea would have required him to plead guilty. The motion further alleged that the defendant was advised by defense counsel that, by entering an Alford plea, he would be allowed to maintain his innocence. The motion also alleged that the plea was entered into because the defendant believed it was in his best interest to resolve the case and get on with his life and, more importantly, because it would permit him to maintain his innocence.
In setting forth a claim of ineffectiveness, the motion stated that the terms of the defendant's probation included a condition requiring his active participation and successful completion of a sex offender treatment program. The motion alleged that it was only after entering into the plea agreement and being sentenced that the defendant was advised that, as a requirement for active participation and successful completion of the sex offender treatment program, he would have to admit his *901 guilt to engaging in deviant sexual behavior. His refusal to admit such guilt led to his failure to successfully complete the program and his probation being violated. The defendant alleged in his motion that he would not have entered into the plea agreement if he had been correctly advised by defense counsel about this condition of probation.
To prove a claim of ineffective assistance of counsel, a defendant must establish both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In a case involving a request to withdraw a plea based upon ineffective assistance of counsel, the prejudice prong is satisfied by proof "that there is a reasonable probability that, but for counsel's errors [the defendant] would not have pleaded guilty and would have insisted on going to trial." Cordes v. State, 842 So.2d 874, 875 (Fla. 2d DCA 2003)(quoting Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
Failure to inform a defendant of a collateral consequence of a plea cannot render a plea involuntary. State v. Partlow, 840 So.2d 1040 (Fla.2003). Accordingly, the controlling issue in this case is whether the defendant's complaint relates to a collateral consequence of his plea thereby warranting the trial court's summary denial of same. We conclude that it does not.
A collateral consequence of a plea is a consequence that does not have a definite, immediate, and largely automatic effect on the range of the defendant's punishment. State v. Partlow, 840 So.2d 1040 (Fla.2003). Although being subject to sexual offender registration and reporting requirements have been deemed by our courts to be collateral consequences of entering a plea, given the particular allegations of the defendant's motion, the consequences here cannot be deemed to be collateral. If defense counsel did indeed inform the defendant that he could maintain his innocence while on probation, and if, in fact, the failure to admit his guilt during sex offender treatment counseling automatically resulted in the unsuccessful completion of such counseling and, thus, constituted a probation violation, such a consequence is a direct, and not collateral, consequence of the defendant's plea. As such, it was error for the trial court to deny ground five of the defendant's motion without conducting a hearing thereon.
AFFIRMED in part; REVERSED in part; REMANDED.
MONACO and TORPY, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.850.
[2] See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).