987 So.2d 729 (2008)
Virgil O'Keith STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3733.
District Court of Appeal of Florida, Fifth District.
June 27, 2008.
Rehearing Denied August 5, 2008.
Virgil O. Stewart, Cross City, pro se.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant *730 Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Virgil O'Keith Stewart, seeks review of the denial of his rule 3.850 motion for post-conviction relief based on his trial counsel's failure to inform him that he had a statute of limitations defense to two of the five charges to which he entered pleas of guilty. Because the trial court, in considering the evidence presented to it at an evidentiary hearing addressing this issue, applied the wrong statute of limitations to the analysis, we reverse and remand for further proceedings.
In 2001, while Mr. Stewart was in prison for unrelated crimes, warrants were issued on five charges alleging offenses in Marion County. Although a detainer was placed on him for these 2001 charges, he was not arrested on them until 2005. It was at that point that criminal informations were filed by the State with respect to the Marion County offenses.
The Marion County informations charged Mr. Stewart with the commission of five crimes. In case 2001-CF-002342-A he was charged with the burglary of a non-dwelling structure,[1] a third degree felony, and petit theft,[2] a misdemeanor. In case 2001-CF-002340-A Mr. Stewart was charged with grand theft of an automobile,[3] a third degree felony. Finally, in case 2001-CF-002341-A, he was charged with another burglary of a non-dwelling structure and with grand theft,[4] both third degree felonies. After consulting with counsel, Mr. Stewart agreed to plead guilty to all five charges. In exchange, he was sentenced to five years in prison for the burglary in case 2341-A, and probation on all other charges, to be served consecutively to the prison sentence.
Mr. Stewart sought rule 3.850 relief with respect to each of these charges on the basis that the statute of limitations had already run when the informations were filed, and that his attorney was ineffective in failing to inform him of that fact. He now concedes that the statute had not run on the felony theft charges, inasmuch as those offenses are subject to a five-year statute of limitations.[5] Not surprisingly, however, the only prison sentence he received based on these pleas was with respect to one of the burglary charges. Thus, he posits that the only reason he is in prison for these offenses is because his lawyer failed to advise him that he had a valid limitations defense.
Section 775.15, Florida Statutes (2001), provides in pertinent part:
(2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
(a) A prosecution for a felony of the first degree must be commenced within 4 years after it is committed.
(b) A prosecution for any other felony must be commenced within 3 years after it is committed.
....
(4) An offense is committed either when every element has occurred or, if a legislative purpose to prohibit a continuing course of conduct or the defendants complicity therein is terminated. Time *731 starts to run on the day after the offense is committed.
(5)(a) Prosecution on a charge on which the defendant has previously been arrested or served with a summons is commenced by the filing of an indictment, information, or other charging document.
The trial court conducted an evidentiary hearing on these issues at which Mr. Stewart's counsel testified that he could not remember whether or not he had addressed a possible statute of limitations defense with his client, although that would ordinarily be his practice. He concluded, however, by saying that "Whether or not I did was a legal issue that you're correct we never addressed." Evidently, the trial judge thought that the burglaries were first degree felonies, thus subject to a four-year statute of limitations, when in fact they were third degree crimes[6] subject to a three-year limitations period. Moreover, the trial court evidently believed that the "prosecution" of the burglary charges commenced when the warrants were issued in 2001, rather than when the informations were filed.[7] Subparagraph (5)(a), of course, says otherwise. The trial court accordingly denied the motion for post-conviction relief.
We note that the placement of a detainer on Mr. Stewart while he was in prison does not cure the problem. A detainer merely advises prison officials that a prisoner has other charges pending, and requests notification of the prisoner's release. It is not the equivalent of the process contemplated by section 775.15(5). See Lett v. State, 837 So.2d 614, 615 (Fla. 4th DCA 2003).
Mr. Stewart established that his counsel was ineffective in failing to investigate the statute of limitations defense and in failing to notify him of the availability of that defense. See Cordes v. State, 842 So.2d 874, 875 (Fla. 2d DCA 2003).[8] The State appears to agree that the analysis by the trial court was erroneous, and that Mr. Stewart "arguably had a defense to the burglary charges." It suggests, however, that if the burglary charges were dismissed, the trial court would probably have given him the same sentence, but simply structured differently. This calls for far too much speculation under the facts of this case, and accordingly a reversal is required. That, however, does not put an end to our analysis.
Mr. Stewart suggests that he does not wish to withdraw his pleas on the theft charges, but only as to the burglary charges. This, of course, would leave him subject only to a probationary placement. We conclude that Mr. Stewart is not free to pick and choose among the counts that he wishes to subject to a plea withdrawal, particularly where his pleas to all charges put the trial judge in position either to fashion an omnibus sentence appropriate to the severity of the crimes and the circumstances of the defendant, or to agree to impose a negotiated sentence. See, e.g., Howard v. State, 932 So.2d 482, 484 (Fla. *732 4th DCA 2006). Just as we are not free to speculate that if the burglaries had been dismissed, the trial court would have meted out the same sentence, as argued by the State, we are likewise not free to speculate that the trial judge would not have done so.
Accordingly, we reverse the denial of the motion for post-conviction relief with respect to the burglary charges because of the evident ineffective assistance of counsel, and remand this case to the trial court with instructions to allow Mr. Stewart either to go to trial on the theft counts or to enter another plea with respect to them.
REVERSED and REMANDED with instructions.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Fla. Stat. § 810.02 (2001).
[2] Fla. Stat. § 812.014 (2001).
[3] Fla. Stat. § 812.014 (2001).
[4] Fla. Stat. § 812.014 (2001).
[5] Violations of section 812.014, Florida Statutes, are subject to a five year limitations period pursuant to section 812.035, Florida Statutes.
[6] The informations identify the crimes as third degree felonies, not otherwise enhanced.
[7] If this were so, it would have speedy trial implications.
[8] The Cordes court pointed out that in cases involving a request to withdraw a plea due to ineffective assistance of counsel, the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is satisfied by proof "that there is a reasonable probability that, but for counsel's errors [the defendant] would not have pleaded guilty and would have insisted on going to trial." Cordes, 842 So.2d at 875 (quoting Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). See also Brown v. State, 943 So.2d 899, 901 (Fla. 5th DCA 2006).