# Third District Court of Appeal

**State of Florida**

Opinion filed October 5, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-109
Lower Tribunal Nos. 90-547B, 90-1465A, 90-1466

_____

**T.J.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

T. J., in proper person.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ and LOGUE, JJ.

EMAS, J.

T.J. appeals from an order denying his motion for extraordinary relief pursuant to Florida Rule of Juvenile Procedure 8.140.  We affirm.

As alleged in his motion filed below, in 1990, T.J. was arrested as a juvenile. The State filed three separate delinquency petitions, each alleging that T.J. committed delinquent acts of burglary and grand theft at three separate homes, including a burglary and grand theft on November 9, 1989 at Curlew Lane in Homestead.

In March of 1990, T.J. entered an admission to five of the six charges[1], was adjudicated delinquent, and was committed to the Department of Health and Rehabilitative Services ("HRS").  T.J. did not appeal the delinquency adjudication. In 1992, T.J. was successfully terminated from HRS supervision.

In June of 2001, more than eleven years after the adjudicatory hearing on these cases, T.J. filed a "Motion to Vacate Judgment and Sentence Under 3.850, in Light of Woods v. State, 750 So. 2d 592 (Fla. 1999)."[2]  In his motion, T.J. alleged he was actually innocent of the burglary and grand theft charges of which he had

---

[1] As a part of the negotiations, the State abandoned its motion for an order waiving juvenile jurisdiction and transferring T.J. to adult felony court in case number 90-547B.  Also as part of the negotiations, the State abandoned the grand theft charge contained in that petition.

[2] In the interim, T.J. had been arrested, indicted and convicted in United States District Court for the Eastern District of North Carolina on charges of cocaine trafficking, and was sentenced to 360 months in prison.  T.J. alleged that these juvenile delinquency adjudications were utilized to enhance his sentence under the federal sentencing guidelines.

been adjudicated delinquent eleven years earlier.[3] Attached to the motion was an affidavit of one Jabar Turner who averred that he (Jabar Turner) was arrested and charged in the November 9, 1989 burglary and grand theft at the Curlew Lane home. Turner further averred that he (Jabar Turner) and he alone was the person who committed the Curlew Lane burglary and grand theft, and that T.J. was not involved. T.J. separately alleged that school records established T.J. could not have committed the other two burglaries/grand thefts because he was attending school on the dates and times of those offenses.

For reasons that are not clear[4], the motion (though docketed) was never set for a hearing, and no action was taken on that motion. In March of 2015, T.J. filed the instant Motion for Extraordinary Relief, in which he reasserted the same claims made in his 2001 motion. The trial court held a hearing on T.J.'s motion for extraordinary relief, but T.J. did not present any testimony or other evidence beyond the motion and the affidavit.[5] The trial court denied the motion as untimely under rule 8.140(a) and also denied the motion on its merits.

---

[3] T.J. alleged three other grounds in his motion, which were denied both as untimely and on their merits. We affirm the trial court's denial of these claims as they are either subsumed within the analysis of this opinion or are otherwise without merit.

[4] The unavailability of portions of the court file appears to be due at least in part to the twenty-five-year hiatus between the 1990 adjudicatory hearing and the 2015 Motion for Extraordinary Relief.

[5] We note that the high school records are not a part of the record on appeal and do not appear to have been attached to the original motion (2001) or the motion for extraordinary relief (2015).

Rule 8.140 provides:

(a) Basis. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from an order, judgment, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect.
(2) <u>Newly discovered evidence which by due diligence could not have been discovered in time to move for rehearing.</u>

(3) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of any other party.

(4) That the order or judgment is void.

(b) Time. The motion shall be made within a reasonable time and, for reasons (1), (2), and (3), <u>not more than 1 year after the judgment, order, or proceeding was taken.</u>

(Emphasis added.)

On appeal, T.J. contends that his actual innocence claim overcomes any procedural or time bar established by rule 8.140(b), and that such a conclusion is mandated by <u>McQuiggen v. Perkins</u>, 133 S. Ct. 1924 (2013), <u>House v. Bell</u>, 547 U.S. 518 (2006), and <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). We do not agree.

First and foremost, T.J. did not go to trial on these delinquency petitions. Rather, pursuant to a negotiated plea (the terms of which included the State's abandonment of one count and its abandonment of a waiver to adult court), T.J. admitted to having committed the delinquent acts, was adjudicated delinquent, and committed to the supervisions of HRS. The record before us evidences that the plea was entered knowingly and voluntarily, and T.J. does not contend his actual

4

innocence claim is interconnected with a claim that the plea was coerced, involuntary, or the result of affirmative misadvice of counsel. By his plea, T.J. gave up, inter alia, his right to an adjudicatory hearing at which his guilt or innocence would be determined. See Fla. R. Juv. P. 8.080(c)(4). That rule further provides that, by pleading guilty or nolo contendere, "the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, is relinquished, but the right to review by appropriate collateral attack is not impaired." Having admitted and pleaded guilty to the charges, a claim of actual innocence (absent some interrelated assertion of involuntariness, newly-discovered evidence, fraud, or affirmative misadvice of counsel) made eleven years after a guilty plea is both time-barred and fails to qualify as an "*appropriate* collateral attack" as referred to in rule 8.080(c)(4) and delineated in rule 8.140.[6]

Further, even if we were to reach the merits of T.J.'s claim, it would be unnecessary to decide the broader question of whether a *viable* claim of actual innocence could overcome the one-year time bar for extraordinary relief under rule

---

[6] People accused of crimes or delinquent acts often enter a plea of nolo contendere instead of a guilty plea. Also known as an Alford plea, a plea of nolo contendere allows an accused, in effect, to plead guilty while continuing to maintain his or her innocence. See North Carolina v. Alford, 400 U.S. 25 (1970); Brown v. State, 943 So. 2d 899 (Fla. 5th DCA 2006); Fla. R. Crim. P. 3.170 (a); Fla. R. Juv. P. 8.075(a). It would be anomalous indeed if an accused could enter a plea of guilty while maintaining his innocence, receive the benefit of that plea bargain and then, eleven years later, be permitted to raise a bare "actual innocence" claim, untethered to any alleged constitutional error in the plea proceeding.

8.140(a)(2) and (b).[7]  In the instant case, T.J.'s assertion of actual innocence is based not upon newly-discovered evidence, but upon *newly-presented* evidence. T.J. did not assert, in his original motion of 2001, his subsequent motion in 2015, or at the hearing on the motion, any evidence which "by due diligence could not have been discovered in time to move for rehearing."  Fla. R. Juv. P. 8.140(a)(2). Instead, he asserted the existence of high school records and presented the affidavit of Jabar Turner, a co-respondent charged together with T.J. in the Curlew Lane burglary/grand theft case.  There is nothing to indicate that Jabar Turner was unknown[8] or unavailable in 1990 (or within one year thereafter) to present the exculpatory testimony contained in his 2001 affidavit.  Likewise, the school records which T.J. asserts would establish he was attending high school at the time of the other two burglaries would appear to be information which was available to T.J. in 1990 (and T.J. fails to allege whether and why such records could not have been discovered in the exercise of due diligence).[9]

---

[7] We do not reach the question of whether a viable claim of actual innocence can be based only upon newly-discovered evidence, or can be based upon newly-presented evidence that was available and could have been, but was not, presented at the time of trial.

[8] To the contrary, both T.J. and Turner were listed as co-defendants in the arrest affidavit; Turner was subsequently charged in the Curlew Lane burglary, and his delinquency case was closed in 1990.

[9] Notably, T.J. does not contend that his trial counsel rendered constitutionally ineffective assistance in failing to investigate, discover or present this evidence.

Even if T.J. was permitted to rely upon newly-presented evidence, a person asserting a claim of actual innocence must show they have been diligent in presenting their claims, and must present new evidence to establish that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new and existing evidence.  <u>Bell</u>, 547 U.S. at 537 (quoting <u>Schlup</u>, 513 U.S. at 327).  <u>See also</u> <u>Tompkins v. State</u>, 994 So. 2d 1072, 1089 (Fla. 2008).  T.J. has failed to make the necessary showing for the "severely confined category" of actual innocence claims.  <u>McQuiggin</u>, 133 S.Ct. at 1933.[10]  The trial court properly determined that T.J.'s claim was time-barred under rule 8.140, and that T.J. failed to present a viable claim of actual innocence.

Affirmed.

---

[10] We further note that the Florida Supreme Court has rejected the existence of a freestanding claim of actual innocence to overcome a procedural bar to collateral relief in capital cases under rule 3.851.  <u>See</u> <u>Tompkins</u>, 994 So. 2d at 1088-89.