# Third District Court of Appeal

## State of Florida

Opinion filed September 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2064
Lower Tribunal Nos. CD202307061; D3216160
_____

**Lucas A. Sanchez-Del Valle,**
Appellant,

vs.

**Department of Agriculture and Consumer Services,
Division of Licensing,**
Appellee.

An Appeal from the State of Florida, Department of Agriculture and Consumer Services, Division of Licensing.

Coffey Burlington, P.L., and Jared W. Whaley, for appellant.

Tobey Schultz, Senior Attorney (Tallahassee), for appellee.

Before EMAS, LINDSEY and MILLER, JJ.

EMAS, J.

Lucas Sanchez-Del Valle appeals a final order of the Department of Agriculture and Consumer Services, Division of Licensing (the Department), which revoked his Security Officer's License pursuant to Section 493.6118(2)(e), Florida Statutes (2023), following his plea to the felony crime of fleeing and eluding an officer and the misdemeanor crime of resisting an officer without violence, for which he received a withhold of adjudication and was placed on probation.

Upon our hybrid review, see G.R. v. Agency for Persons. with Disabilities, 315 So. 3d 107, 108 (Fla. 3d DCA 2020) ("We review an agency's conclusions of law de novo and we review the record to determine whether competent substantial evidence supports the agency's decision."), and affording no deference to agency interpretation of statutes or rules, see id., we affirm the order of revocation of appellant's security officer's license, finding the Department did not err in its consideration of the mitigating circumstances presented by Sanchez-Del Valle as it related to the rebuttable presumption of guilt arising from the plea. See North Carolina v. Alford, 400 U.S. 25, 37 (1970) (recognizing an Alford plea as "a plea containing a protestation of innocence when . . . a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.") (emphasis added); Fla. R. Crim. P.

3.172(e) (requiring that, prior to accepting a plea of nolo contendere, the judge "must determine that the defendant either: (1) acknowledges his or her guilt; or (2) acknowledges that he or she feels the plea to be in his or her best interest, while maintaining his or her innocence.") (emphasis added); T.J. v. State, 215 So. 3d 71, 73 n.6 (Fla. 3d DCA 2016) (observing: "People accused of crimes or delinquent acts often enter a plea of nolo contendere instead of a guilty plea. Also known as an *Alford* plea, a plea of nolo contendere allows an accused, in effect, to plead guilty while continuing to maintain his or her innocence.") (emphasis added) (citing Alford, 400 U.S. 25 and Brown v. State, 943 So. 2d 899 (Fla. 5th DCA 2006)); The Florida Bar, re Fla. Rules of Crim. Proc., 343 So. 2d 1247, 1255 (1977) (Committee Note observing that amendment to rule 3.172 "[i]ncorporates Fed. R. Crim. P. 11(c), and allows for pleas of convenience as provided in North Carolina v. Alford.")

Affirmed.