# Third District Court of Appeal

## State of Florida

Opinion filed April 9, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1339
Lower Tribunal No. F18-18677
_____

**Henry David Rodriguez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

J. Alexander Law, PLLC, and Joshua Alexander, for appellant.

James Uthmeier, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.

Before FERNANDEZ, SCALES and BOKOR, JJ.

PER CURIAM.

Henry David Rodriguez appeals from the trial court's summary denial of his May 2022 post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he seeks to vacate his June 12, 2020 guilty plea to the crime of sexual battery with no serious injury.[1]

In his motion, Rodriguez asserts that he received ineffective assistance of counsel because his trial lawyer "failed to advise, misadvised or inadequately advised" him that the plea might subject him to involuntary civil commitment under the Jimmy Ryce Act.[2] Rodriguez also asserts that his plea was involuntary because the trial court violated Florida Rule of Criminal Procedure 3.172(c)(9) by not including in its plea colloquy the admonishment

---

[1] In October 2018, Rodriguez was charged with one count of armed sexual battery and one count of possession of cocaine (case no. 18-18677). Several months later, Rodriguez was charged, in a separate case, with one count of possession of cocaine (case no. 19-12225). A year later, the State amended the information in case no. 18-18677, charging Rodriguez with one count of sexual battery with no serious injury and one count of cocaine possession. Pursuant to a negotiated plea, Rodriguez pleaded guilty to the amended charges, for which he received a withhold of adjudication and probation on the sexual battery count for a period of ten years, and five years' probation for the cocaine charge, both terms to run concurrently. Special conditions of the plea included sex offender probation pursuant to the requirements in section 948.30 of the Florida Statutes, registration as a sexual offender, as well as MDSO evaluation with treatment as required or as necessary, among other minor requirements. Additionally, the State agreed to drop the second felony possession case.

[2] §§ 394.910-.932, Fla. Stat. (2022).

2

that the plea would subject Rodriguez to the consequences of the Jimmy Ryce Act.

In its order denying Rodriguez's motion for postconviction relief, the trial court held that, because the plea itself did not subject Rodriguez to any direct[3] consequences of the Jimmy Ryce Act, the trial court had not violated rule 3.172(c)(9), and that Rodriguez's counsel had not been ineffective. Additionally, the order concludes that, even if there were legal error on the part of the trial court and ineffective assistance on the part of trial counsel, Rodriguez failed to establish the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984).

Without deciding, or even reaching, the issue of whether the trial court violated rule 3.172(c)(9), or whether Rodriguez's trial counsel was

---

[3] See, e.g., State v. Partlow, 840 So. 2d 1040, 1043 (Fla. 2003) (concluding that the sexual offender registration requirement is a collateral consequence of a plea to a sexual offense because the registration requirement has "absolutely no effect" on the "range of the defendant's punishment" for the offense); Morgan v. State, 911 So. 2d 162, 164 (Fla. 3d DCA 2005) (denying post-sentence motion to withdraw plea, stating: "Defense counsel is not required to inform a client about the collateral consequences of his plea, and the application of the Jimmy Ryce Act is a collateral consequence of a plea.") (citations omitted); Brown v. State, 943 So. 2d 899, 901 (Fla. 5th DCA 2006) ("Failure to inform a defendant of a collateral consequence of a plea cannot render a plea involuntary."); Delarosa v. State, 913 So. 2d 76, 77 (Fla. 3d DCA 2005) ("Designation as a sexual offender or predator is a collateral, not a direct, consequence of a guilty plea about which Delarosa did not have to be advised.").

3

ineffective, we agree with the trial court that Rodriguez failed to establish the requisite harm under <u>Strickland</u>'s prejudice prong to warrant postconviction relief.

Affirmed.